MAHONING COUNTY BAR ASSOCIATION *v.* LONGENHAGEN.

[Cite as *Mahoning Cty. Bar Assn. v. Longenhagen,* 101 Ohio St.3d 6, 2003-Ohio-6451.]

*Attorneys at law — Misconduct — One-year suspension with six months of sanction stayed on condition that no further violations of Disciplinary Rules are committed — Handling a legal matter without adequate preparation — Neglecting an entrusted legal matter — Failing to seek lawful objectives of client — Failing to carry out employment contract — Failing to cooperate in disciplinary investigation.*

(No. 2003-1517 — Submitted October 20, 2003 — Decided December 24, 2003.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 02-032.

————————————

**Per Curiam**.

{¶1} In January 1996, a client retained respondent, Je'Anne Longenhagen of Canfield, Ohio, Attorney Registration No. 0029166, to probate her late husband's estate. The client paid respondent approximately $3,600.

{¶2} In September 1999, the client received notice from the probate court that the estate had not yet been settled, and she then left numerous messages with respondent concerning the case. Respondent failed to return her calls, and in March 2000, the client filed a grievance with relator, Mahoning County Bar Association. Relator dismissed the grievance when the client withdrew it on respondent's assurance that she would complete the case within a few months.

{¶3} In June 2001, the client filed a second grievance against respondent with relator because respondent had failed to resolve the probate matter. Respondent failed to cooperate in relator's investigation of the grievance.

Even though respondent twice assured relator that she would file a written reply to her client's grievance and submit pleadings in the probate case, she never did.

{¶4} On June 17, 2002, relator filed a complaint charging respondent with several violations of the Disciplinary Rules and one violation of a Rule for the Government of the Bar. Respondent failed to answer relator's complaint, and the Board of Commissioners on Grievances and Discipline of the Supreme Court referred the cause to a master commissioner pursuant to Gov.Bar R. V(6)(F)(2) to review relator's supplemental motion for default judgment.

{¶5} The master commissioner found the facts as previously set forth and concluded that respondent had violated DR 6-101(A)(2) (handling a legal matter without adequate preparation), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek lawful objectives of client through reasonably available means), and 7-101(A)(2) (failing to carry out employment contract), and Gov.Bar R. V(4)(G) (failing to cooperate in the disciplinary process).

{¶6} In mitigation, the master commissioner found that respondent, who was admitted to the bar in 1980, had no prior disciplinary record. Respondent had experienced emotional turmoil as the result of marital difficulties and her family's illnesses.

{¶7} The master commissioner recommended that respondent be suspended from the practice of law in Ohio for one year, with six months stayed. The board adopted the findings, conclusions, and recommendation of the master commissioner and further recommended that the costs of the proceeding be taxed to respondent.

{¶8} We adopt the findings, conclusions, and recommendation of the board. "Although an indefinite suspension is generally warranted when a pattern of neglecting legal matters is coupled with a failure to cooperate in the ensuing disciplinary investigation, there is no such pattern of neglect related to multiple

clients here." *Cleveland Bar Assn. v. Cicirella* (1999), 86 Ohio St.3d 544, 545, 715 N.E.2d 1131. In addition, the board properly credited respondent's mitigating evidence relating to extreme marital and personal stress as well as the absence of a prior disciplinary record. See *Disciplinary Counsel v. Braun* (2000), 90 Ohio St.3d 138, 140, 735 N.E.2d 430 (one-year suspension with six months stayed is an appropriate sanction for attorney who violated DR 6-101[A][2] and [3] and 7-101[A][1], [2], and [3], because evidence established that during that period, he "was undergoing severe marital stress and suffered from clinical depression").

{¶9} Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year, with six months stayed on the condition that respondent commit no further Disciplinary Rule violations. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————————

Ronald E. Slipski and Larry D. Wilkes, for relator.

———————————