THE STATE EX REL. BUCK, APPELLANT, *v.* MALONEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Buck v. Maloney,*
102 Ohio St.3d 250, 2004-Ohio-2590.]

(No. 2003–2021—Submitted April 13, 2004—Decided June 9, 2004.)

**Per Curiam.**

{¶ 1} In 1996, Kimberly Johnson retained appellant, Marshall D. Buck, an attorney licensed to practice law in Ohio, to represent her in matters relating to the death of her husband, Alan J. Withers. During his representation of Johnson, Buck settled a wrongful-death claim without the approval of the Mahoning County Court of Common Pleas, Probate Division. Buck's wife, attorney JeÁnne Longenhagen,[1] was counsel of record for the Withers estate.

{¶ 2} On October 8, 2002, appellee, Judge Timothy P. Maloney of the probate court, found that both Buck and Longenhagen had "hindered, delayed, and obstructed the administration of" several estates, including the Withers estate. Judge Maloney concluded that Buck's settling the wrongful-death claim without court approval had been "plainly unlawful as contrary to O.R.C. Chapter 2125, Superintendence Rules 70 and 71 and various of the Local Rules of [the Mahoning County Probate] Court." Based on his findings, Judge Maloney removed Longenhagen from the Withers estate case and barred Buck and Longenhagen from serving as counsel in any new proceeding in the probate court:

{¶ 3} "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Attorney JeAnne Longenhagen be and is hereby Ordered REMOVED as Counsel of Record in each and all of these cases and any related proceedings and,

---

1. On December 24, 2003, we suspended Longenhagen from the practice of law in Ohio for one year, with six months stayed for various Disciplinary Rule violations. *Mahoning Cty. Bar Assn. v. Longenhagen,* 101 Ohio St.3d 6, 2003-Ohio-6451, 800 N.E.2d 1110.

further, both she and Attorney Marshall P. Buck are BARRED from instituting, filing and/or participating in or being appointed to, or serving as counsel of record in any new case or proceeding before this Court, all pursuant to the Court's inherent authority, Sup.R. 77 and 78 and various of the Local Rules of the Mahoning County Probate Court and all until further Order of the Court. Additionally and while Attorneys Buck and Longenhagen are, respectively, barred and/or removed as aforesaid, they shall yet be subject to the continuing jurisdiction of the Court and its process and they are denied all fees they may otherwise have been entitled to receive." (Capitalization sic and footnote omitted.)

{¶ 4} On December 13, 2002, Buck filed a complaint in the Court of Appeals for Mahoning County. Buck sought a writ of prohibition to prevent Judge Maloney from barring him from practicing law in the probate court. In March 2003, Judge Maloney moved to dismiss Buck's prohibition complaint for failure to state a claim upon which relief can be granted. See Civ.R. 12(B)(6). After Buck responded, the court of appeals granted Judge Maloney's motion and dismissed the prohibition complaint under Civ.R. 12(B)(6).

{¶ 5} This cause is now before this court upon Buck's appeal as of right.

{¶ 6} Buck asserts that the court of appeals erred in dismissing his prohibition action. The Civ.R. 12(B)(6) dismissal of Buck's prohibition complaint for failure to state a claim upon which relief can be granted was justified if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in Buck's favor, it appeared beyond doubt that Buck could prove no set of facts entitling him to the requested extraordinary writ of prohibition. See *State ex rel. Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8.

{¶ 7} Applying this standard to Buck's claim, we hold that Buck's prohibition claim is meritorious. Section 5(A)(1), Article IV of the Ohio Constitution grants this court general supervisory power over the courts of Ohio, and we have "guarded our general supervisory power over the court system from encroachment by the lower courts." *State v. Steffen* (1994), 70 Ohio St.3d 399, 409, 639 N.E.2d 67. In *Melling v. Stralka* (1984), 12 Ohio St.3d 105, 12 OBR 149, 465 N.E.2d 857, a municipal court issued an order prohibiting city solicitors, law directors, municipal and county prosecutors, and their assistants from representing defendants in criminal matters in the municipal court. We held that the judge had lacked authority to issue the order because it was, in effect, a Disciplinary Rule limiting the ability of certain attorneys to practice law before the court and Disciplinary Rules were within the exclusive jurisdiction of this court:

{¶ 8} "The power of the Supreme Court to exercise original jurisdiction over, and make rules governing, the practice of law in this state is set forth in Article IV of the Ohio Constitution. This express constitutional authority arose from the inherent power of the court to control the admission and disbarment of attorneys practicing before it, *In re Thatcher* (1909), 80 Ohio St. 492 [89 N.E. 39], paragraph one of the syllabus, and is based, in large part, on the need for uniformity in the governance of the bar. *To permit each of the trial and appellate courts to establish rules that generally limit the ability of attorneys to practice their profession, or that impose specific disciplinary standards upon the attorneys of this state, certainly would frustrate the purpose behind the Supreme Court's constitutionally authorized governance of the bar.*" (Emphasis added.) *Melling* at 107, 12 OBR 149, 465 N.E.2d 857.

{¶ 9} Similarly, in *State ex rel. Jones v. Stokes* (1989), 49 Ohio App.3d 136, 138–139, 551 N.E.2d 220, the court of appeals granted a writ of prohibition to prevent municipal court judges from barring an attorney from appearing in municipal court, holding that the order barring the attorney usurped our exclusive jurisdiction over attorney discipline:

{¶ 10} "Certainly, this broad sanction goes beyond disqualification or mere regulation of the conduct of counsel in a particular proceeding. Respondents have imposed a continuing restriction on [the attorney's] ability to practice law in their two courtrooms. This restriction differs only by degree from the sanctions imposed through the grievance procedures which are supervised by the Supreme Court of Ohio. Yet, the Supreme Court's 'jurisdiction over the discipline of attorneys * * * is exclusive and absolute.' *Smith v. Kates* (1976), 46 Ohio St.2d 263, 266, 75 O.O.2d 318, 320, 348 N.E.2d 320, 322. As a consequence, the conduct of respondents which gave rise to this action in prohibition is the type of usurpation of jurisdiction by an inferior court which necessitates relief in prohibition." See, also, *In re Karasek* (1997), 119 Ohio App.3d 615, 630–631, 695 N.E.2d 1209 (trial court exceeded authority by restricting attorney from practicing law before it without experienced co-counsel); *Catholic Social Serv. of Cuyahoga Cty. v. Howard* (1995), 106 Ohio App.3d 615, 619–620, 666 N.E.2d 658 (trial court order preventing attorney from practicing before it was beyond trial court's jurisdiction).

{¶ 11} Based on the foregoing precedent, Judge Maloney acted without jurisdiction by prohibiting Buck from practicing law in "any new case or proceeding" before the probate court.

{¶ 12} The court of appeals relied on Sup.R. 78(D) to conclude that Judge Maloney did not patently and unambiguously lack jurisdiction to issue the order barring Buck from practicing law in the probate court. This reliance, however, is misplaced. Sup.R. 78(D) authorizes probate courts to bar attorneys from repre-

senting new clients, but it applies only to attorneys representing fiduciaries who are delinquent in filing an inventory, account, or guardian's report, and even then, the bar can last only until all of the delinquent pleadings are filed:

{¶ 13} "The court may issue a citation to the *attorney of record for a fiduciary who is delinquent in the filing of an inventory, account, or guardian's report* to show cause why the attorney should not be barred from being appointed in any new proceeding before the court or serving as attorney of record in any new estate, guardianship, or trust *until all of the delinquent pleadings are filed.*" (Emphasis added.)

{¶ 14} Buck was not the attorney of record for a fiduciary who was delinquent in filing probate pleadings, and Judge Maloney did not restrict his order to end when delinquent pleadings were filed. Instead, Judge Maloney's order barred Buck from representing clients in future proceedings before the probate court "until further Order of the Court."

{¶ 15} Judge Maloney's reliance on *State ex rel. Kura v. Sheward* (1992), 75 Ohio App.3d 244, 598 N.E.2d 1340, is similarly misplaced. In *Kura,* the court of appeals emphasized that unlike the orders at issue in *Melling* and *Jones,* supra, the order issued against Kura was not a "general prohibition against the county public defender['s] * * * representing indigent defendants, but, instead, the order pertain[ed] only to the specific case." Id. at 252, 598 N.E.2d 1340. In contrast to the order in *Kura,* the order here was not restricted to the specific wrongful-death claim relating to the Withers estate.

{¶ 16} Therefore, after construing the material factual allegations of Buck's complaint and all reasonable inferences therefrom in his favor, Buck's prohibition complaint may have merit. He may ultimately be able to establish that Judge Maloney patently and unambiguously lacked jurisdiction to bar him from future probate proceedings. "[I]f an inferior court 'patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions.*'" (Emphasis sic.) *State ex rel. Sartini v. Yost,* 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 24, quoting *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236.

{¶ 17} Thus, the court of appeals erred in dismissing Buck's complaint for a writ of prohibition. " 'Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand [to that court] for further proceedings.'" *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 411, 686 N.E.2d 1126, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288. "If the parties, however, are in agreement about the pertinent facts, we can exercise our plenary authority in extraordinary actions and address the

merits." *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 500, 696 N.E.2d 1054. Because we find that the pertinent evidence is uncontroverted and that based on that evidence it is clear that Buck is entitled to the requested extraordinary relief, we exercise our plenary authority and grant the writ of prohibition to prevent Judge Maloney from barring Buck from practicing law in the probate court.

{¶ 18} Accordingly, we reverse the judgment of the court of appeals and grant the requested writ of prohibition. Costs are taxed to appellee.

Judgment reversed
and writ granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Comstock, Springer & Wilson Co., L.P.A., and Margo Stoffel Meola, for appellant.

Montgomery, Rennie & Jonson, Ralph E. Burnham and Hope A. Smith, for appellee.