OPINION
{¶ 1} Appellant, Ted Macejko, appeals from a Mahoning County Probate Court judgment barring him from practicing in that court, ordering him to pay back the estate of Frank Nicholson certain fees, and finding him in contempt.
 {¶ 2} The estate of Frank Nicholson was commenced in the probate court in October 1997. Frank's wife, Frances Nicholson, was appointed as the estate's fiduciary. Appellant represented Frances and the estate. In March 2003, Frances died.
 {¶ 3} On June 23, 2003, the probate court issued a citation upon delinquent account and orders to appear and show cause. It stated that the account that was due on May 1, 2002 had not been filed. It ordered the fiduciary and the attorney of record to appear before the court with the account receipts. Appellant appeared at the hearing before a magistrate with R. Patrick Nicholson, Frank and Frances's son. They informed the magistrate that Frances had passed away. The magistrate found that a successor fiduciary had to be appointed, a certificate of transfer had to be amended, and the inventory had to be amended to include a fractional interest Frank had in a parcel of real estate. The probate court adopted the magistrate's findings and referred the citation back to the magistrate for further proceedings. It also ordered that the fiduciary was denied all fees and commissions and that appellant was "barred."
 {¶ 4} The matter came for another hearing before the magistrate on August 12, 2003. The magistrate found that appellant had prepared an application to appoint Patrick as the successor fiduciary. However, Patrick had not yet filed an application to be appointed successor fiduciary. The magistrate found that the account had not yet been filed. The court adopted the magistrate's findings and referred the citation back to the magistrate for further proceedings. It also ordered that the fiduciary was denied all fees and commissions and assessed the fiduciary a penalty of $100 and costs of $25. The court also barred appellant again.
 {¶ 5} The court subsequently appointed Patrick as the successor fiduciary. Another hearing was held before the magistrate. The magistrate found that the new fiduciary would have to file an account on behalf of the deceased fiduciary. Once again, the court adopted the magistrate's findings and referred the citation back to the magistrate for further proceedings. And once again, the court ordered that appellant was barred.
 {¶ 6} On September 5, 2003, the court issued another citation upon delinquent account and orders to appear and show cause to appellant and Patrick. Patrick filed an inventory and appraisal and schedule of assets a few days later. On September 29, 2003, the court approved the inventory.
 {¶ 7} The magistrate subsequently held a hearing on the citation. He found that though an amended inventory had been filed and approved, Patrick still had to file an account. The court adopted the magistrate's finding and referred the citation back to the magistrate. The court assessed Patrick another $100 penalty, plus costs. It also again barred appellant and this time also denied him fees. The court further ordered that Patrick and appellant both appear at the next hearing.
 {¶ 8} At the next hearing, the magistrate found that the estate was substantially complete but that the account had not yet been filed. The court once again adopted the magistrate's findings and referred the citation back to the magistrate. The court again denied fees and commissions to Patrick and assessed him another $100 fine, plus costs. It again denied appellant fees and barred him.
 {¶ 9} The court issued another citation on January 16, 2004, because the account had still not been filed. At the hearing on the citation, the magistrate found that appellant had not been able to balance the account. This time the court rejected the magistrate's finding. It ordered that Patrick was denied all fees and commissions and assessed him another $100 penalty, plus costs. The court further ordered that appellant was denied fees and was barred. However, the court also found both Patrick and appellant in contempt and ordered that they appear for sentencing and provide an account.
 {¶ 10} Appellant and Patrick appeared before the court and offered an account. However, the court rejected the account for various reasons, including that it was not offered on behalf of the prior fiduciary and they offered an affidavit in lieu of receipts that stated the receipts were destroyed in a flooded basement. One receipt that was located was an undated receipt for attorney's fees in the amount of $31,149. Appellant related to the court that he took the fee in December 1998 or January 1999. The court found that at that time, appellant was already delinquent in filing the account. Thus, appellant took fees without leave of court, which is contrary to law. However, the court did note that the fee was reflected on the Ohio estate tax return. The court further stated that it provided Patrick and appellant the opportunity to purge themselves of contempt and readdress the issue, but they failed to do so.
 {¶ 11} Ultimately the court denied the account offered by appellant and Patrick; found Patrick in contempt and fined him $125; found appellant in contempt and found that he "engaged in a continuing series of acts which hindered, delayed and obstructed the administration" of the estate; denied appellant all fees and ordered him to reimburse the estate the sum of $32,149;[1] and ordered appellant and Patrick to produce a final account.
 {¶ 12} Appellant filed a timely notice of appeal on September 10, 2004.
 {¶ 13} Appellant raises three assignments of error, the first of which states:
 {¶ 14} "THE PROBATE COURT PATENTLY AND UNAMBIGUOUSLY LACKED SUBJECT MATTER JURISDICTION TO ISSUE AN ORDER UNCONDITIONALLY BARRING COUNSEL FOR THE ESTATE FROM PRACTICING IN THAT COURT."
 {¶ 15} Appellant notes that on several instances the probate court issued orders reading, "[t]he Court further ORDERS, pursuant to Sup. R. 77, 78 and Loc. R. 77.1 and 78.1, et seq.: The attorney is * * * Barred." Appellant concedes that the authorities the probate court referred to in its judgment entries confer a limited authority on it to restrict an attorney's ability to represent clients in new proceedings until delinquent pleadings are brought up to date. However, appellant argues that such limited authority must end upon the filing of the delinquent pleadings. Since the court did not properly restrict its orders, appellant argues the probate court lacked jurisdiction to issue or enforce its August 11, 2004 order and its prior orders.
 {¶ 16} Appellant cites to State ex rel. Buck v. Maloney,102 Ohio St.3d 250, 809 N.E.2d 20, 2004-Ohio-2590, for support. In Buck,
this same probate court attempted to bar another local attorney from practicing in the court. The Ohio Supreme Court made clear that it alone held "general supervisory power over the courts of Ohio, including the ability to limit certain attorneys from practicing." Id. at ¶ 7. The Court expressly noted that the probate judge did not restrict his bar order to end when the delinquent pleadings were filed, but instead barred the attorney from representing clients in future probate proceedings until further order of the court. Id. at ¶ 14. Appellant contends that the orders in this case are even more egregious than the order in Buck
because the one in Buck contained at least some limiting language.
 {¶ 17} This court addressed nearly the identical issue, involving the same attorney, same arguments, and same judge, in In re Estate ofOrville, 7th Dist. Nos. 04-MA-97, 04-MA-100, 2004-Ohio-6510. In Orville,
we distinguished Buck on the basis that Buck was not the attorney for the estate but was litigating the wrongful death action. Id. at ¶ 28. InOrville, as in the present case, appellant was the attorney for the fiduciary and the estate and was delinquent in filing the account. Id. at ¶ 30. We held, relying in part on dicta in Buck, that a bar by the probate court pursuant to Sup. R. 78(D) could only last until all the delinquent pleadings were filed. Id. at ¶ 31-32, citing Buck,
102 Ohio St.3d at ¶ 13-14. In Orville, as in the case sub judice, the probate court merely stated that counsel was barred and did not specify that he was barred only until the delinquent pleading was submitted and approved. We noted that technically, this bar order meant that counsel was barred indefinitely, which is beyond the probate court's authority. Id. at ¶ 32. Thus, we interpreted the court's bar order as being within its jurisdiction and only lasting until the delinquency was cured, but reversed the order for the court to amend it to state that counsel was barred only until the delinquency was cured. Id.
 {¶ 18} Thus, in this case, it is appropriate to reverse and remand the bar order so that the court can properly limit its scope. However, it should be noted that after filing his notice of appeal in this case, appellant filed a motion for a stay of execution in the probate court. The court denied the motion for stay and held, in part:
 {¶ 19} "Regarding the `bar' Order previously entered * * *, the Court maintains that * * * the bar was appropriate * * *. However and given the Court's Orders upon the hearing of September 16, 2004, Attorney Macejko was relieved of the bar in this case and removed as Counsel of Record."
 {¶ 20} This entry, however, is ambiguous. The court's bar orders never limited their length to ending when the delinquency was cured in this case. Thus, although the court stated in its most recent judgment that appellant was relieved of the bar in this case, theoretically a bar may still exist against appellant for other cases. Hence, a remand is still proper in this case.
 {¶ 21} Accordingly, appellant's first assignment of error has merit. Upon remand, the probate court is instructed to enter a judgment lifting the bar order on appellant.
 {¶ 22} Appellant's second assignment of error states:
 {¶ 23} "THE PROBATE COURT ABUSED ITS DISCRETION WHEN IT REDUCED ATTORNEY'S FEES THAT HAD NOT YET BEEN AWARDED."
 {¶ 24} Appellant argues that the probate court abused its discretion in ordering him to reimburse the estate $31,149, which he alleges was paid to his deceased partner. Appellant asserts that the probate court has acknowledged that the fiduciary, successor fiduciary, and counsel have attempted to conclude the estate but that intervening problems, such as the death of the fiduciary, have prevented an easy resolution. He further argues that the court failed to provide him with notice that this issue would be addressed and never presented him with the opportunity to demonstrate the reasonableness of his fees. Additionally, appellant argues that the court's own language belies its ability to reduce the fees because it cannot reduce attorney's fees that it has not yet awarded. Finally, appellant argues that the determination that the entire fee should be repaid to the estate is entirely arbitrary and unsupported by anything other than the whim of the judge.
 {¶ 25} Here appellant was delinquent in filing the account. At the February 23, 2004 hearing, the magistrate found that appellant was unable to balance the account. The court, in rejecting the magistrate's findings, held that appellant's statement to the magistrate was "unprofessional and inaccurate." On April 30, 2004, appellant filed an account with the court. But the court rejected it. The court did so for several reasons. First, the account was not offered on behalf of the prior fiduciary, as was required, but was the account of the subsequent fiduciary. Additionally, appellant offered his affidavit in lieu of account receipts that simply stated, "[t]he records of the prior fiduciary are in disarray and lost. The undersigned is unable to locate cancelled checks. Records and checks were destroyed and damaged in a flooded basement." However, among the few receipts offered was an undated receipt from appellant for an attorney fee of $31,149. The court also noted in its judgment entry that appellant stated that he took the fee in December 1998 or January 1999. However, the court noted that at that time, the account was already delinquent and appellant took the fee without approval from the court.
 {¶ 26} In In re Testamentary Trust of Manning, 7th Dist. No. 99CA92, 2002-Ohio-5239, this court dealt with the issue of whether the probate court abused its discretion by denying all past fiduciary fees to a bank solely because the bank took its fees without court approval and on a quarterly rather than an annual basis. We observed that most appellate courts that have upheld early fee-taking as a ground for denial of fees have only mentioned premature fee-taking as one instance of the fiduciary's mistake and rely more heavily on the cumulative nature of the misfeasance or malfeasance. Id., citing In re Estate of Veroni (Dec. 31, 1999), 11th Dist. No. 98-L-024; Estate of Gabriel (Dec. 19, 1997), 11th Dist. No. 95-L-178; Whitaker v. Estate of Whitaker (1995),105 Ohio App.3d 46, 663 N.E.2d 681. We noted that "[t]he most extreme punishments should be reserved for the most extreme improprieties." Id. at ¶ 22. We found that the initial voluntary reimbursement of past fees occurred without contest because the fees were taken without prior court approval. Id. at ¶ 23. We also found that there were no allegations of self-dealing or mismanagement. Id. at ¶ 24. Thus, we concluded that it was unreasonable to totally deny all fees.
 {¶ 27} Whether to deny fees to an estate attorney who was delinquent in filing an account is a matter within the probate court's discretion.Orville, 7th Dist. Nos. 04-MA-97, 04-MA-100, at ¶ 66. The probate court abuses its discretion when its decision is not supported by the record or is contrary to law. In re Estate of Marsteller, 7th Dist. No. 03-MA-185,2004-Ohio-6214, at ¶ 9.
 {¶ 28} While the probate court may have acted within its discretion in ordering appellant to reimburse the fee he collected without the court's approval, it acted unreasonably and arbitrarily in denying him all fees. Appellant performed work for the estate spanning several years. And the court, in adopting the magistrate's November 20, 2004 decision, found that the account was substantially complete. Therefore, the court must have been satisfied with appellant's work up to that point. Yet it concluded that appellant was entitled to no fees whatsoever. While appellant should not have accepted fees without prior court approval, this action should not result in the complete denial of all fees. Complete fee denial is an extreme punishment and, in this case, appellant did not engage in the "most extreme improprieties."
 {¶ 29} Accordingly, appellant's second assignment of error has merit. Upon remand, the probate court is instructed to hold a hearing to determine what reasonable amount of fees appellant is entitled to.
 {¶ 30} Appellant's third assignment of error states:
 {¶ 31} "THE PROBATE COURT ERRED WHEN IT HELD COUNSEL FOR THE ESTATE IN AN INDIRECT CONTEMPT ABSENT COMPLIANCE WITH THE STATUTORILY [sic.] PROCEDURES UNDERLYING SUCH A DETERMINATION."
 {¶ 32} Appellant argues that while R.C. 2101.24(M) and R.C. 2109.31(C)(4) give the probate court authority to direct and control the conduct of fiduciaries and to assess a $100 penalty against the fiduciary, there is no corresponding authority relating to its ability to fine an attorney for hindering and delaying the administration of an estate. Therefore, appellant argues that the court did not have authority to fine him for contempt. Furthermore, appellant argues that the court failed to provide notice prior to making its contempt finding. Finally, appellant points out that in the past this court has reversed the probate court for failure to follow contempt procedures.
 {¶ 33} We must first examine whether this issue is final and appealable. In order to constitute a final appealable order in a contempt proceeding, the order must contain both a finding of contempt and the imposition of a sanction. Orville, 7th Dist. Nos. 04-MA-97, 04-MA-100 at ¶ 36.
 {¶ 34} Appellant asserts that the probate court's judgment entries imposed a $100 fine plus costs on him. However, the court's entries only fined the fiduciary, not appellant. Furthermore, the court's March 16, 2004 judgment found appellant in contempt and ordered him to appear for sentencing at a later date. The August 11, 2004 judgment entry from which appellant filed this appeal contains no fines or other sentence against appellant, it merely reiterates that appellant is found to be in contempt. Thus, the court's contempt finding is not final and appealable since it did not impose a fine or sentence for the contempt.
 {¶ 35} Accordingly, appellant's third assignment of error is not ripe for review.
 {¶ 36} For the reasons stated above, the probate court's decision is hereby reversed and remanded for further proceedings pursuant to law and consistent with this opinion.
Vukovich, J., concurs.
Waite, J., concurs.
[1] The court later amended its figure to reflect the correct amount of the fee, or $31,149.