NORTHCUTT, Judge,
Concurring.
I agree with the majority opinion with one exception. In my view, Judge Shee-han’s order violated clearly established principles of law by encroaching upon the supreme court’s exclusive constitutional authority to discipline attorneys.
To be sure, a court has inherent authority to control the proceedings in the case before it, and this may include publicly criticizing and even sanctioning an attorney for misbehavior in that case. Moreover, given Judge Sheehan’s acknowledged bias against this attorney, she could not have been faulted for granting the motion for disqualification in the ease before her or, for that matter, taking administrative steps necessary to recuse herself from the attorney’s cases generally.
But it was quite another matter for the judge to place on the public record her conclusions regarding the attorney’s supposed overall professional incompetence and misconduct “based upon [the attorney’s] actions and inactions in this Division over the past month” and based on the attorney’s alleged “widespread reputation” during her ten-year tenure. Relying on some unspecified “information available to the court,” and without affording the attorney notice of the allegations against her or an opportunity to challenge them, Judge Sheehan punished the attorney for her alleged misconduct by banning her from the judge’s courtroom.
Regulating conduct of members of the Florida Bar is absolutely and exclusively within the jurisdiction of the Florida Supreme Court, not an individual circuit judge. This authority is granted in article V, section 15, of the Florida Constitution, which provides that “[t]he supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.” It is further reflected in rule 3-3.1, Rules Regulating the Florida Bar, which describes the administration of the “exclusive jurisdiction of the- Supreme Court of Florida over the discipline of persons admitted to the practice of law.”
The self-evident nature of this fundamental principle perhaps accounts for the fact that few Florida cases have addressed a situation in which a judge usurped the supreme court’s exclusive power. Ms. Holt invokes a line of Ohio cases to support her view that Judge Sheehan’s order exceeded her jurisdiction. For example, in State ex rel. Buck v. Maloney, 102 Ohio St.3d 250, 809 N.E.2d 20, 23 (2004), the Ohio Supreme Court held that an attorney who was prohibited by a judge from serving as counsel of record in any new case that arose before the court presented a meritorious petition for writ of prohibition. Citing provisions of the Ohio Constitution, the court explained that the judge lacked authority to issue a disciplinary rule limiting the ability of certain attorneys to practice their profession; rather, attorney discipline and governance of the practice of law are exclusively the province of the state supreme court. Id. at 22. Among others, the Maloney court relied on the case of State ex rel. Jones v. Stokes, 49 Ohio App.3d 136, 551 N.E.2d 220 (1989), in which an appellate court issued a writ of prohibition after a municipal judge ordered the legal aid director not to assign a particular attorney to certain courtrooms based on the judge’s observation of the attorney's allegedly unethical and unprofessional conduct. The Stokes court noted that “this broad sanction goes beyond disqualification or mere regulation of the conduct of counsel in a particular proceeding,” id. at 223, again reiterating that attorney *976 discipline must be meted out by the supreme court, not by individual judges. And in 1975, this court, addressing whether a judge could pass judgment on the eligibility of a legal services attorney to represent clients in juvenile delinquency matters in his courtroom, held that “[n]o authorization, either state or federal, permits judicial inquiry into a client’s eligibility for representation in a Florida Court by an attorney who is a member of the Florida Bar in good standing who has been designated by the client.” State ex rel. T.J.M. v. Carlton, 314 So.2d 593, 594 (Fla. 2d DCA 1975). Rather, “Article V, § 15 of the Florida Constitution of 1968, vests the Supreme Court with exclusive jurisdiction to regulate the practice of law.” Id
Judge Sheehan’s order violated clearly established principles of law in that it purported to exercise authority that the Florida Constitution vests exclusively in the supreme court. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003) (noting that constitutional provision may constitute “clearly established law” for purposes of certiorari relief). I would issue a writ of certiorari and quash the order on that ground.