[Cite as *Hightower v. Hightower*, 2016-Ohio-7870.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rudolph L. Hightower, II, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-182 |
| | | (C.P.C. No. 12DR-04-1445) |
| Galyna K. Hightower, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 22, 2016

**On brief:** *Rudolph L. Hightower, II,* pro se.  **Argued:** *Rudolph L. Hightower, II.*

**On brief:** *The Law Office of Nicolas W. Yaeger*, and *Nicholas W. Yaeger*, for appellee. **Argued:** *Nicholas W. Yaeger.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

TYACK, J.

{¶ 1}  Rudolph L. Hightower, II, is appealing from the trial court's refusal to more fully modify the allocation of parental rights and responsibilities based upon changes which occurred after his divorce was finalized.  Mr. Hightower also contests, among other things, the failure of the trial court judge to remove the magistrate who was managing part of the proceedings.  Mr. Hightower assigns a total of ten errors for our consideration:

> I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLEE IN DENYING PLAINTIFF-APPELLANT'S MOTION TO CHANGE THE CUSTODY VISITATION SCHEDULE DUE TO

SIGNIFICANT CHANGES OF CIRCUMSTANCES CAUSED BY DEFENDANT-APPELLEE.

II. THE TRIAL COURT ERRED IN DENYING APPELLANT['S] MOTION TO CHANGE CHILD VISITATION SCHEDULE DUE TO OFFICER OF THE COURT'S OVERT AND BLATANT LIES, MISSTATEMENTS, AND IGNORING OF INDISPUTABLE FACTUAL EVIDENCE.

III. THE TRIAL COURT ERRED IN DENYING APPELLANT['S] MOTION TO REMOVE MAGISTRATE ELLIOT FROM THE CASE DUE TO HIS PATTERN OF BIAS DECISIONS IN SUPPORT OF DEFENDANT-APPELL[EE]'S CONVENIENCE AND DESIRES OVER THE BEST INTERESTS OF THE CHILD.

IV. THE TRIAL COURT ERRED IN DENYING APPELLANT['S] MOTION TO CHANGE CHILD VISITATION SCHEDULE BY VIOLATING THE TRIAL COURT'S OWN STATED REQUIREMENT TO DO WHAT IS IN THE "HOLISTIC" BEST INTEREST OF THE CHILD.

V. THE TRIAL COURT ERRED IN ORDERING IN FAVOR OF DEFENDANT-APPELLEE BY VIOLATING OHIO RULES OF EVIDENCE BY ADMITTING HEARSAY EVIDENCE, AND CONCURRENTLY, BY EXCLUDING RELEVANT TESTIMONY AS INADMISSIBLE HEARSAY.

VI. THE TRIAL COURT ERRED IN DISOBEYING OHIO RULES OF PROFESSIONAL CONDUCT BY MAKING A DISRESPECTFUL MOCKERY OF THE COURT OVER A NON-SENSICAL, IRRELEVANT POINT, AND BY SOLICITING NON-EXPERT WITNESS OPINIONS FROM STRANGERS IN THE COURTROOM.

VII. THE TRIAL COURT ERRED IN REFUSING TO ACCEPT PLAINTIFF-APPELLANT'S INDISPUTABLE FACTUAL EVIDENCE THAT WOULD COUNTER DEFENDANT-APPELLEE'S PERJURY AND MAGISTRATE ELLIOT'S ENDORSEMENT OF DEFENDANT-APPELLEE'S PERJURY.

VIII. THE TRIAL COURT ERRED IN VIOLATING RULES AGAINST EX PARTE COMMUNICATIONS BY ISSUING

GAG ORDER RULING ON DISPARAGING REMARKS TO CHILD'S MANDATED REPORTERS.

IX. THE TRIAL COURT ERRED IN MAKING MISLEADING STATEMENTS AND FORCING THE EVIDENTIARY BURDEN OF PROOF UPON PLAINTIFF-APPELLANT WHEN IT WAS THE CHILD WHO MADE ALLEGATIONS OF BOTH DOMESTIC VIOLENCE AND ALCOHOL ABUSE IN THE HOME OF DEFENDANT-APPELL[EE].

X. THE TRIAL COURT ERRED IN OVERRULING GUARDIAN AD LITEM'S RECOMMENDATION TO ADJUST CHILD VISITATION SCHEDULE IN THE EVENT OF AN ACTUAL, ACTIVE SEVERE WEATHER ADVISORY BEING IN EFFECT.

{¶ 2} After her divorce from Mr. Hightower, Galyna Hightower moved from the Upper Arlington area to the Pickerington area to be with the man who is now her husband. The move did not change what was necessary to make the shared parenting plan involving their young child work, namely complete cooperation between the parents of the child. Mr. Hightower felt that their child should spend every school night with him so the child would not have to travel from Pickerington to her elementary school in Upper Arlington. Galyna did not want to lose a chunk of her parenting time.

{¶ 3} A hearing was held in front of a magistrate to address the issues argued by Mr. Hightower. The magistrate rendered a magistrate's decision which did not grant Mr. Hightower all the relief he wanted, but did recommend some changes.

{¶ 4} Mr. Hightower did not order a transcript of the proceedings before the magistrate. He filed something akin to objections to the magistrate's decision, which in reality were more of a personal attack on the magistrate. The "objections" were:

1. The Magistrate lied to protect Defendant's parenting time.

2. The Magistrate misrepresented the facts and testimony of the trial.

3. The Magistrate violated Ohio Code of Judicial Conduct including: Disregarding a child's allegation of physical abuse and alcohol use; Minimizing and/or dismissing factual and/or logical evidence on the physical safety of [T.L.H.]

("Child") including but not limited to being driven during an active tornado warning.

{¶ 5} The trial court judge assigned to the case had no way of knowing what evidence was actually presented before the magistrate, given the fact no transcript was provided. The judge engaged in an extensive analysis of the arguments presented by Mr. Hightower anyway, and concluded that no evidence indicated that the magistrate lied or misrepresented the evidence presented when the magistrate prepared the magistrate's decision. Thus, the first two "objections" were overruled.

{¶ 6} With no way of knowing what evidence supported the claims before the magistrate as to "physical abuse and alcohol use" and as to the alleged endangering of the child of the parties, the trial court judge had no choice but to accept the magistrate's decision as it pertained to those allegations. In short, the trial court accepted virtually all of the magistrate's decision.

{¶ 7} Mr. Hightower has appealed the trial court's decision, as indicated earlier.

{¶ 8} We also have no transcript of evidence to consider, so our consideration is bound by the four corners of the magistrate's decision as interpreted in the trial judge's decision accepting most of the magistrate's decision.

{¶ 9} Despite the allegations in the first assignment of error, the trial court did not leave the agreed parenting plan totally in tact. The court made slight modifications to accommodate the new circumstances presented by the mother's move to Pickerington. We have no evidentiary basis for saying the trial court judge did not go far enough in modifying the allocations of parental rights and responsibilities.

{¶ 10} The first assignment of error is overruled.

{¶ 11} We have no basis for finding that an officer of the court lied, misstated facts, or ignored evidence.

{¶ 12} The second assignment of error is overruled.

{¶ 13} We likewise have no basis to find that the magistrate engaged in any kind of misconduct.

{¶ 14} The third assignment of error is overruled.

{¶ 15} Contrary to the allegations in the fourth assignment of error, the trial court judge carefully analyzed the custody situation and entered an order which was careful to consider the best interests of the child.

{¶ 16} The fourth assignment of error is overruled.

{¶ 17} With no transcript of the hearing before the magistrate, we cannot evaluate the evidence presented. While appellant did file the transcript of the hearing before the trial court on his motion to set aside the magistrate's decision, that hearing was not a full evidentiary hearing. Rather, it was an opportunity for each side to present oral arguments to the trial court. And while the trial court mentioned "evidence" in passing during the hearing, the trial court did not swear in witnesses or consider the admissibility of exhibits. Accordingly, assignments of error five, seven, and nine are overruled as they allege violations of the Ohio Rules of Evidence during a non-evidentiary hearing.

{¶ 18} As to assignments of error six and eight, appellant alleges the trial court violated the Ohio Rules of Professional Conduct and Rules of Superintendence for the courts of Ohio. "Appellate courts do 'not have jurisdiction over the issue of whether an attorney violated the Rules of Professional Conduct even when it is raised in the context of an appeal.' " *State v. Robinson*, 2d Dist. No. 2013-CA-33, 2014-Ohio-1663, ¶ 24, quoting *State v. Snyder*, 6th Dist. No. WM-08-004, 2009-Ohio-49, ¶ 35; *see also State ex rel. Buck v. Maloney*, 102 Ohio St.3d 250, 2004-Ohio-2590, ¶ 7-8 (noting the Supreme Court of Ohio has exclusive and absolute jurisdiction over the discipline of attorneys). Thus, we overrule appellant's sixth assignment of error on the basis that we lack jurisdiction to consider whether the trial court violated the Ohio Rules of Professional Conduct. Similarly, the Rules of Superintendence serve as guidelines for the courts of Ohio but do not create substantive rights on the part of individual litigants. *Gardner v. Bisciotti*, 10th Dist. No. 10AP-375, 2010-Ohio-5875, ¶ 26 (holding that even if appellant can show a violation of the Rules of Superintendence, appellant is not entitled to reversal of the trial court's decision on that basis). As such, we overrule appellant's eighth assignment of error.

{¶ 19} As to the tenth assignment of error, the trial court clearly addressed the issue of travel during difficult weather advisories. The judge strongly encouraged the parties to communicate with each other when weather conditions were threatening. The

judge was not willing to turn over control of visitation to the National Weather Service or to a local weather broadcast. The judge felt that both the mother and the father love the child and should be able to communicate about travelling with the child when weather threatens. We cannot say the trial court judge abused her discretion in her handling of the issue.

{¶ 20} The tenth assignment of error is overruled.

{¶ 21} All ten assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

————————————