IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2023

## IN RE: ATTORNEY RUSSELL E. EDWARDS

**Appeal from the Criminal Court for Sumner County**
**Nos. 2020-CR-153; 2022-CR-685          Dee David Gay, Judge**

_____

**No. M2023-00986-CCA-WR-CO**

_____

Attorney Russell E. Edwards seeks review of the trial court's order granting his motion to be relieved as counsel for Sergio Bermudez, the defendant in the underlying case, and prohibiting Attorney Edwards from practicing in the Criminal Court for Sumner County. Upon review, we conclude that the trial court exceeded its authority by ordering Attorney Edwards be barred from practicing law in the Criminal Court for Sumner County. We therefore issue a writ of certiorari and order that the trial court's order prohibiting Attorney Edwards from practicing in the Sumner County Criminal Court is vacated.

**On Certiorari to the Sumner County Criminal Court;**
**Judgment of the Criminal Court Vacated in Part**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TOM GREENHOLTZ, JJ., joined.

Russell E. Edwards, Hendersonville, Tennessee, for the appellant, Russell E. Edwards.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Ray Whitley, District Attorney General; and Nathan Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Procedural History*

Attorney Edwards was the third attorney appointed to represent Mr. Bermudez in the Sumner County Criminal Court on his charges for various sex offenses. Mr. Bermudez was indicted by the Sumner County Grand Jury on March 5, 2020. Mr. Bermudez was

originally represented by the Sumner County Public Defender's Office, but the trial court granted a motion to withdraw due to a conflict created when Mr. Bermudez filed a complaint against the district public defender assigned to represent him. On April 5, 2021, new counsel was appointed, and Mr. Bermudez's trial was continued. On May 20, 2021, appointed counsel filed a motion to withdraw, citing a conflict of interest. The trial court granted the motion and appointed Attorney Edwards to represent Mr. Bermudez.

On May 23, 2023, Attorney Edwards filed a motion to be relieved as counsel, stating that he had been appointed Hendersonville City Judge in January, 2023. In his motion, Attorney Edwards explained that he was appointed to represent Mr. Bermudez "prior to his policy of not representing defendants"; that he had "continued to represent [Mr. Bermudez] merely as a favor to the Court because he did not want to disrupt this case or the Court's docket"; that "after much consideration, counsel [could not] continue to represent [Mr. Bermudez]"; and that "continued representation of [Mr. Bermudez] [would] cause an extreme hardship on counsel's busy schedule, especially considering this is and has been set for a lengthy jury trial starting on August 15, 2023."

On June 27, 2023, the trial court entered two orders.[1] One order allowed Attorney Edwards to withdraw as counsel for Mr. Bermudez and appointed new counsel to represent Mr. Bermudez. The second order is titled, "Order Granting Motion to be Relieved and to Prohibit this Attorney from the Practice of Law in Criminal Court." In the second order, the trial court expressed concern "about the timing of [Attorney Edwards'] motion and the lack of commitment from this attorney to his client who had been in jail for over three years[.]" The court noted that Attorney Edwards filed his motion "two years after [his] appointment and just three months away from a jury trial that the attorney agreed to set seven months ago." The court determined that further representation by Attorney Edwards "would be detrimental to [Mr. Bermudez]" and granted the motion to be relieved as counsel. The order further states, "this Court PROHIBITS RUSS EDWARDS FROM PRACTICING LAW IN THE CRIMINAL COURT OF SUMNER COUNTY."

On July 10, 2023, a panel of this Court denied Attorney Edwards' application for an extraordinary appeal pursuant to Rule 10 of the Rules of Appellate Procedure, noting that subsection (e) of Rule 10 specifically limits the opportunity to seek appellate review in criminal cases to the State and the defendant. *See* Tenn. R. App. P. 10(e). However, the panel invited Attorney Edwards to file a petition for a writ of certiorari pursuant to Tennessee Code Annotated section 27-8-101.

---

[1] There is nothing in the record to indicate that a hearing was held on Attorney Russell's motion to be relieved as counsel for Mr. Bermudez.

Attorney Edwards filed a Petition for Writ of Certiorari, and the State filed a response. A panel of this Court then granted Attorney Edwards' petition in order to determine whether a writ of certiorari should be issued and allowed the parties to file briefs.

*Analysis*

On appeal, Attorney Edwards presents for review the issue of whether the trial court exceeded its authority by prohibiting him from practicing law in the Sumner County Criminal Court.

A writ of certiorari is an extraordinary remedy, which allows a superior court to review the proceedings of an inferior tribunal where the inferior tribunal "is acting illegally, has exceeded its jurisdiction, or where there is no other plain, speedy or adequate remedy." *Foster v. First National Bank*, 430 S.W.2d 450, 451 (Tenn. 1968). The common law writ of certiorari has been codified at Tennessee Code Annotated section 27-8-101 and provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

T.C.A. § 27-8-101. "[C]ourts may properly grant a petition for a common-law writ of certiorari '[w]here either party has lost a right or interest that may never be recaptured.'" *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008) (quoting *State v. Johnson*, 569 S.W.2d 808, 812 (Tenn.1978)).

Initially, we address the State's argument that that the issue is not ripe for review by this Court. The State asserts that Attorney Edwards' challenge to the trial court's order "is based on hypothetical and contingent events that may never occur." Tennessee courts are to decide only "legal controversies." *West v. Shofield*, 468 S.W.3d 482, 490 (Tenn. 2015). A legal controversy exists "when the disputed issue is real and existing, and not theoretical or abstract, and when the dispute is between parties with real and adverse interests." *Id*. To determine whether a case involves a legal controversy, Tennessee courts use justiciability doctrines that mirror those employed by the United States Supreme Court and the federal courts. *Id*. One of those doctrines is ripeness. *Id*.

As explained in *West*, the basic rationale of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id*. at 490-91 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Courts should engage in a two-pronged analysis in determining whether a particular case is ripe for review. *Id*. at 491. The first prong is "the fitness of the issues for judicial decision." *Id*. (quoting *Abbott Labs.*, 387 U.S. at 149). An issue is not fit for judicial decision if it is based "on hypothetical and contingent future events that may never occur." *Id*. (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)). Rather, the issue must be "based on an existing legal controversy." *Id*. (citing *Texas*, 523 U.S. at 300).

The State asserts that Attorney Edwards "has identified no clients whom he has been prevented from representing in the Sumner County Criminal Court, aside from the client from whose representation he asked to withdraw." Attorney Edwards acknowledges that he does not presently represent defendants in the Sumner County Criminal Court; however, the trial court's order bans him from ever practicing law in that court. In other words, Attorney Edwards is banned from representing *any* clients, present or future, in that court.

The State attempts to distinguish the facts in *State ex rel. Buck v. Maloney*, 809 N.E.2d 20, 21 (Ohio 2004), in which an Ohio probate court judge removed attorneys from a case and barred them from "serving as counsel of record in any new case or proceeding" before the court. According to the State, "that case involved an active controversy." We fail to see the distinction between the court's order in *Maloney* barring the Ohio attorneys "from representing clients in future proceedings before the probate court" and the trial court's order here barring Attorney Edwards from representing future clients in the Sumner County Criminal Court. *See id*.

The second prong of the ripeness analysis requires a court to consider whether withholding adjudication of the issue presented will impose any meaningful hardship on the parties. *West*, 468 S.W.3d at 492. The trial court's order barring Attorney Edwards from practicing in the Sumner County Criminal Court certainly imposes a meaningful hardship on Attorney Edwards in that the prohibition is a limitation on his ability to practice law.

In its response to Attorney Edwards' Petition for Writ of Certiorari, the State asserts that a writ is not proper in this case because Attorney Edwards has not alleged unusual or extraordinary circumstances to which the remedy of certiorari is limited. *See State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002). The State contended that the trial court "had the discretion to give [Attorney] Edwards what he sought – disqualification – and its order was not fundamentally illegal, beyond the court's authority, or inconsistent with essential legal requirements." The State has apparently abandoned this argument as the State's brief raises only the issue of ripeness.

- 4 -

Nevertheless, we conclude based on the facts presented that the trial court exceeded its authority in prohibiting Attorney Russell from practicing in the Sumner County Criminal Court and there is no other "plain, speedy, or adequate remedy." *See* T.C.A. § 27-8-101. By the constitutional authority expressly vested in the Tennessee Supreme Court, our supreme court oversees the practice of law in this state. Tenn. Const. art. II, § 1; Tenn. Const. art. II, § 2; Tenn. Const. art. VI, § 1; *see Beier v. Bd. of Prof'l Responsibility*, 610 S.W.3d 425, 435-36 (Tenn. 2020). As such, "the Supreme Court of Tennessee is responsible for promulgating and enforcing the rules that govern the legal profession as part of its duty to regulate the practice of law in the State of Tennessee." *Beier*, 610 S.W.3d at 436.[2]

Like *Maloney*, the order at issue in this case "goes beyond disqualification or mere regulation of the conduct of counsel in a particular proceeding" and is a "usurpation of jurisdiction by an inferior court which necessitates relief[.]" *Maloney*, 809 N.E.2d at 22.

CONCLUSION

Based on the foregoing, we conclude that the trial court exceeded its authority by prohibiting Attorney Edwards from practicing law in the Criminal Court for Sumner County. Accordingly, the trial court's order entered on June 27, 2023, barring Attorney Edwards from practicing law in the Criminal Court for Sumner County is vacated.

_____
TIMOTHY L. EASTER, JUDGE

---

[2] We recognize that courts have statutory authority to limit an attorney's actions in court as well. *See* T.C.A. § 16-1-102(4) (providing courts the power to control the conduct of an attorney as an officer of the court in connection with a judicial proceeding); T.C.A. § 16-1-103 (giving trial judges contempt power); T.C.A. § 29-1-102 (2), (3), & (4) (listing some of the acts for which a judge can punish an attorney as an officer of the court for contempt).