JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant Susan K. Jennings-Harder, fka Susan Yarmesch ("Susan"), appeals from the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted defendant-appellee Stephen A. Yarmesch's ("Stephen") motion to remove attorney for child. Finding no error in the proceedings below, we affirm.
 {¶ 3} The following facts give rise to this appeal. Susan and Stephen had one child ("child") together in 1992. The parties were divorced on September 18, 1997.
 {¶ 4} On July 10, 2003, Susan filed a motion to modify allocation of parental rights and to determine child support. On July 14, 2003, Susan filed a motion to reappoint Becky Blair ("Blair") as guardian ad litem for the child. Pursuant to Civ.R. 75(B)(2), the trial court joined the child as party defendant and appointed attorney Blair as the guardian ad litem and counsel for the child.
 {¶ 5} On August 8, 2003, attorney Roger Kleinman ("Kleinman") was retained by Susan and filed an appearance on behalf of the child as co-counsel with Blair. Stephen filed a motion to remove Kleinman as co-counsel on September 19, 2003. On November 24, 2003, the trial court granted Stephen's motion and disqualified Kleinman as counsel for the child.
 {¶ 6} A joint notice of appeal was then filed on December 23, 2003 by Susan and Kleinman. A motion to dismiss appeal was filed by Stephen. The motion to dismiss appeal was referred to the panel addressing the merits of this appeal.
 {¶ 7} Susan appeals the decision of the trial court, advancing one assignment of error for our review.
 {¶ 8} "I. The trial court erred as a matter of law, in granting the motion to remove Roger Kleinman as attorney for defendant child [sic] where there is no legal basis for such removal."
 {¶ 9} As a preliminary matter, we must address Stephen's motion to dismiss Susan's notice of appeal. Stephen argues that Susan lacks standing to appeal the decision because it does not affect a substantial right. Furthermore, Stephen argues that the judgment at issue is not a final appealable order under R.C.2505.02(B)(1) because, again, it does not affect a substantial right nor was the order made in a special proceeding. Susan argues that the judgment affects her parental rights and it is final and appealable. For the following reasons, we overrule Stephen's motion to dismiss.
 {¶ 10} A final order is defined in R.C. 2505.02, which states in pertinent part that "An order is a final order that may be reviewed, modified, or reversed, with or without retrial, when it * * * affects a substantial right made in a special proceeding."
 {¶ 11} "A `substantial right' is a legal right enforced and protected by law." State ex rel. Hughes v. Celeste (1993),67 Ohio St.3d 429, 430. A special proceeding is an action created by statute and not recognized at common law or in equity. Polikoffv. Adam (1993), 67 Ohio St.3d 100. "It is the underlying action that is to be examined to determine whether an order was entered in a special proceeding, and not the order itself which was entered within that action." Walters v. Enrichment Ctr. ofWishing Well, Inc. (1997), 78 Ohio St.3d 118.
 {¶ 12} The grant of a pretrial motion to disqualify counsel in a civil matter has been held to be an order which involves a substantial right. Hollis v. Hollis (1997),124 Ohio App.3d 481, citing Russell v. Mercy Hosp.
(1984), 15 Ohio St.3d 37. In addition, to be a final appealable order, it must be made in a "special proceeding." Here, the underlying action is one to modify parental rights and determine child support. The Supreme Court of Ohio has indicated that parentage actions are special statutory proceedings. State ex rel. Fowler v. Smith (1994),68 Ohio St.3d 357, 360. Therefore, the ruling of the trial court granting the motion to remove attorney Kleinman is a final appealable order because it is an order that involves a substantial right and it was made in a special proceeding.
 {¶ 13} Stephen argues that Blair, the guardian ad litem, is the only person who may bring suit on behalf of the child. We disagree. "Because of the unique nature of the parent/child relationship, we conclude parents may assert their child's right to counsel." In re Emery, Lawrence App. No. 02CA40, 2003-Ohio-2206. In In re Moody, Athens App. Nos. 00CA5, 00CA6, 2001-Ohio-2494, the court held that parents have standing to appeal an error committed against their children if the error is prejudicial to the parents' rights. This is especially true when it is asserted that the child was denied proper legal counsel. See also, In re Smith (1991), 77 Ohio App.3d 1, 13. Therefore, we find that Susan has standing to appeal and Stephen's motion to dismiss is overruled.
 {¶ 14} Having determined that we have jurisdiction to hear the appeal, we turn to Susan's sole assignment of error, wherein she argues the trial court erred when it granted Stephen's motion to remove attorney Kleinman. Susan argues that a parent has a natural right to retain counsel to represent her child's interests.
 {¶ 15} The trial court has the inherent authority to supervise members of the bar appearing before it, and this necessarily includes the power to disqualify or remove counsel in specific cases. Royal Indemnity Co. v. J.C. Penney Co. (1986),27 Ohio St.3d 31, 33-34. The trial court has wide discretion when considering motions to disqualify or remove counsel. Id. The determination of the trial court will not be reversed upon appeal in the absence of an abuse of discretion. Centimark Corp. v.Brown Sprinkler Serv., Inc. (1993), 85 Ohio App.3d 458. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 16} In this case, the trial court stated, "The policy of the Court is to appoint one individual to serve as Guardian ad Litem, and also as attorney for the minor child." The trial court acknowledged that the duty of a lawyer to his client and the duty of the guardian ad litem to his ward are not always identical and may be in conflict; however, the court felt that the guardian ad litem was the proper party to advise the court if a potential conflict existed.
 {¶ 17} The trial court further found the following:" parental rights and responsibilities of the minor child are specifically at issue in this case. This matter is before the Court because these parents are unable to agree on the physical living arrangements and other aspects of their parenting plan. To permit either party to unilaterally engage an attorney to represent the minor child in this type of proceeding, taints the proceeding in a manner which may be unfair to one of the parties, or even harmful to the child. If such a practice is permitted by this Court, it is not inconceivable that we may have five attorneys involved in every parenting case, including two separate attorneys representing the child, which is clearly NOT in the child's best interest." (Emphasis in the original.)
 {¶ 18} Generally, when an attorney is appointed as guardian ad litem, that attorney may also act as counsel for the child, absent a conflict of interest. R.C. 2151.281(H); In re Smith,77 Ohio App.3d at 14, see, also, Loc.R. 35(G) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division. This court stated in In re Legg, Cuyahoga App. Nos. 80542 and 80543, 2002-Ohio-4582, that "[t]he appointment of separate individuals to serve as guardian ad litem and counsel for a child is only required if either the guardian ad litem or the trialcourt determines that a conflict exists between the role ofguardian ad litem and the role of an attorney. Juv.R.(C)(2)." (Emphasis added.)
 {¶ 19} Susan and Kleinman's reliance on In re Williams,101 Ohio St.3d 398, 2004-Ohio-1500, is somewhat misguided. In that case, the Supreme Court of Ohio determined that a child is a party to a juvenile court proceeding to terminate parental rights and may be entitled to independent counsel when the guardian ad litem and the child's wishes are in conflict. The court stated that it should be determined on a case-by-case basis. Id. The court did not decide that a child is always entitled to independent counsel.
 {¶ 20} Therefore, we find that the trial court did not abuse its discretion when it granted Stephen's motion to remove Kleinman. The court appointed Blair as both guardian ad litemand counsel for the child. Nothing in the record indicates that the trial court or Blair thought a conflict existed; consequently, Susan's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Calabrese, Jr., J., concur.