The STATE of Ohio ex rel. KISTER–WELTY

v.

HAGUE, Judge.

[Cite as *State ex rel. Kister–Welty v. Hague,* 160 Ohio App.3d 486, 2005-Ohio-1788.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2004–A–0070.

Decided April 15, 2005.

Neil R. Wilson Co., L.P.A., Neil R. Wilson, for relator.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Angela M. Scott, Assistant Prosecuting Attorney, for respondent.

Per Curiam.

{¶ 1} This action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, Judge Charles G. Hague, of the Juvenile Division of the Ashtabula County Court of Common Pleas. As the primary grounds for that motion, respondent submits that the petition of relator, Stacey L. Kister–Welty, does not state a viable claim for a writ, because her own allegations establish that respondent has acted within the scope of his jurisdiction in the underlying case. For the following reasons, we conclude that the motion to dismiss has merit.

{¶ 2} Our review of relator's prohibition petition indicates that the basic dispute in this matter stems from certain legal rulings respondent made in a pending proceeding between relator and Thomas L. Smith. The subject matter of that proceeding concerns the custody of relator's and Smith's minor child, Kaihla Smith. At the beginning of the underlying case, relator was represented by Marvin Halpern. In addition, the separate interests of Kaihla were represented by a guardian ad litem whom respondent had appointed.

{¶ 3} In February 2004, Neil Wilson filed a notice of appearance that stated that he would be representing Kaihla as legal counsel in the custody proceeding. The guardian ad litem immediately moved respondent to strike the notice on the basis that, pursuant to Juv.R. 4(C), an attorney for a child must be appointed by the court. On February 11, 2004, respondent rendered a judgment in which he expressly granted the motion to strike, specifically stating that a separate attorney had previously been appointed to represent Kaihla in the matter.

{¶ 4} Approximately one month later, Wilson submitted a new notice of appearance in the custody action, stating that he would now be acting as co-counsel for relator with Halpern. The guardian ad litem moved respondent to strike this new notice. After holding an evidentiary hearing on the matter, respondent issued a new judgment on May 26, 2004, which granted the new motion to strike and ordered the removal of Wilson as co-counsel for relator. As the grounds for this decision, respondent concluded that, since Wilson had previously represented Kaihla for a short period, it would constitute a conflict of interest for him to represent relator in the same proceeding. The new judgment also stated that Wilson's actions could be interpreted as being improper because his prior representation of the child had been financed by the child's grandmother.

{¶ 5} A short time later, Halpern filed a motion to withdraw as counsel for relator on the basis of a fee dispute. In late September 2004, respondent granted that motion, thereby leaving relator without counsel. At that same time, the Ashtabula County Board of Children's Services submitted a motion to terminate Kaihla's current custody provisions and grant temporary custody of her to her father, Thomas L. Smith. Furthermore, Smith filed a number of motions against relator, including two motions for fees.

{¶ 6} When it became apparent that respondent intended to go forward on the pending motions immediately, relator initiated the instant action in prohibition before this court. In her petition, she basically requested the issuance of a writ which would enjoin respondent from enforcing his decision not to allow Wilson to represent her in the custody proceeding. In support of her request for relief, relator contended that as a sitting judge of a common pleas court, respondent did not have the inherent authority to discipline an attorney and restrict the scope of his practice. Based on this, she further contended that respondent lacked the jurisdiction to decide whether the existence of the alleged conflict of interest was sufficient to warrant the removal of Wilson as her counsel.

{¶ 7} In now moving to dismiss relator's petition, respondent has challenged the basic propriety of the legal argument upon which her claim in prohibition is predicated. Specifically, respondent asserts that although he does not have the power to deprive an attorney of the ability to practice in his court, he does have the authority to regulate the proceedings before him in a given case. Respondent further asserts that, as part of this general authority, he has the ability to disqualify an attorney from representing any party in a case on the grounds of a conflict of interest. In light of this, he finally submits that the allegations in relator's petition are legally insufficient to establish that he went beyond the limits of his jurisdiction in ordering that Wilson could not represent relator in the custody proceeding.

{¶ 8} At the outset of our analysis, this court would indicate that in order to be entitled to a writ of prohibition, a party must be able to prove, inter alia, that the judge's exercise of power is unauthorized under the law. *State ex rel. Jones v. Garfield Hts. Mun. Ct.* (1997), 77 Ohio St.3d 447, 674 N.E.2d 1381. Accordingly, if the prior case law of this state supports the conclusion that a common pleas judge does have the inherent authority to disqualify an attorney, relator would not be able to satisfy each element of a prohibition claim.

{¶ 9} It is well settled under the applicable state law that the Supreme Court of Ohio has exclusive jurisdiction over matters pertaining to the discipline of any attorney at law for an ethical violation. See Section 2(B)(1)(g), Article IV of the Ohio Constitution. However, it is equally well established that a trial judge has the discretionary power to supervise and control the conduct of any attorney during any proceeding before him; as a matter of fact, such a judge has an affirmative duty to ensure that an attorney does not violate any ethical consideration pertaining to the attorney-client relationship. See *In re Disqualification of Floyd,* 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816. In relation to this general power of a trial judge, it has been said that the ability to oversee the practice of law in his court is not only separate from the authority of the Supreme Court to discipline an attorney, but also does not conflict with the authority to discipline. *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 259, 31 OBR 459, 510 N.E.2d 379.

{¶ 10} As to the extent of a trial judge's power over attorneys, the Supreme Court has concluded that the power includes the ability to disqualify counsel from a given case if proper grounds for that ruling exist. *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 34, 27 OBR 447, 501 N.E.2d 617. Furthermore, the Supreme Court has expressly indicated that a potential conflict of interest can constitute proper grounds for the disqualification of an attorney from a proceeding before a trial judge. Id.

{¶ 11} Our review of the relevant case law demonstrates that the authority of a trial judge to disqualify an attorney is not limitless. For example, in *State ex rel. Buck v. Maloney,* 102 Ohio St.3d 250, 2004-Ohio-2590, 809 N.E.2d 20, it was held that a common pleas judge lacks the jurisdiction to bar an attorney from participating in *any* case before that court. The underlying basis of the *Buck* holding is that a broad prohibition against practicing in a particular court constitutes an infringement on the Supreme Court's basic disciplinary powers.

{¶ 12} However, if the order to disqualify is limited to one specific case before the trial judge, it is not considered "disciplinary" in nature and, thus, does not go beyond the basic jurisdiction of the judge. See *Buck,* at ¶ 15, quoting *State ex rel. Kura v. Sheward* (1992), 75 Ohio App.3d 244, 598 N.E.2d 1340.

Under such circumstances, the decision to disqualify lies within the sound discretion of the trial judge and will not be reversed on appeal unless an abuse of discretion is shown. *Crockett v. Crockett,* 10th Dist. No. 02AP–482, 2003-Ohio-585, 2003 WL 257497.

{¶ 13} As was noted above, relator asserted in her prohibition petition before us that respondent, as a common pleas judge, did not have any authority or jurisdiction to issue a disqualification order in the underlying action. In responding presently to the motion to dismiss, though, relator has modified her basic argument in support of her sole claim for relief. That is, she now maintains that a writ of prohibition is warranted because there was no evidence before respondent to support his factual finding that a conflict of interest would exist if Wilson were allowed to represent her. She places heavy emphasis upon her allegation that, even though Wilson did submit a notice of appearance as to Kaihla, he had only one meeting with the child and never took any substantive steps to represent her separate interests in the case.

{¶ 14} By restating the essential grounds of her claim in this manner, relator is no longer challenging respondent's basic authority to disqualify an attorney in a given case; instead, she is merely contesting the merits of respondent's determination to disqualify Wilson. In considering similar types of arguments, the Supreme Court of Ohio has indicated that a viable claim in prohibition cannot be based on a nonjurisdictional error by a trial judge. For example, in *State ex rel. Nalls v. Russo,* 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, the relator alleged in her prohibition petition that the trial judge had lost jurisdiction over a dependency proceeding because a court magistrate had not rendered a separate decision before the trial judge did. In the first step of its analysis, the *Nalls* court held that any defect in the procedure used to issue the magistrate decision was not an error that affected the trial judge's jurisdiction over the action. The *Nalls* court then concluded that the relator was not entitled to a writ, because a claim in prohibition could not be employed as a means of obtaining review of "mere errors in judgment." In other words, a prohibition action cannot be used as a substitute for a direct appeal of a procedural error. See, also, *Brooks v. Gaul* (2000), 89 Ohio St.3d 202, 729 N.E.2d 752.

{¶ 15} This court followed a similar analysis in *State ex rel. Miller v. Logan* (Aug. 14, 1998), 11th Dist. No. 98–T–0091, 1998 WL 637825. In that specific case, the relator's prohibition claims were predicated on the assertion that the trial judge had lacked the "authority" to overrule motions to dismiss and for summary judgment which the relator had filed in the underlying civil proceeding. Upon reviewing the allegations in the petition, the *Miller* court concluded that the relator was not contesting the jurisdiction of the trial judge over the subject

matter of the proceeding, but was only challenging the merits of the judge's determination on the two motions. Based on this, the *Miller* court ultimately held that (1) even if the trial judge did err in overruling the two motions, the error would not affect his basic jurisdiction over the case and (2) the actual merits of the decision to overrule could not form the basis of a viable prohibition claim because such a claim is not a proper substitute for a direct appeal. Accordingly, we dismissed the two *Miller* claims under Civ.R. 12(B)(6). See, also, *Badger v. Flanagan* (1995), 100 Ohio App.3d 173, 652 N.E.2d 258.

{¶ 16} In the instant action, relator has not disputed the point that respondent, as a juvenile judge, has subject-matter jurisdiction over a custody proceeding; nor has she contested whether respondent has personal jurisdiction over the various parties in that proceeding. Furthermore, in light of the aforementioned case law, it is beyond dispute that respondent has the basic authority to oversee the behavior of an attorney in a given case and disqualify him on the basis of a conflict of interest. Finally, relator has stated in her petition that Wilson tried to submit separate notices of appearances as to two separate parties in the custody case.

{¶ 17} When considered as a whole, the foregoing points readily establish that the allegations in relator's petition are insufficient to prove that respondent acted beyond the scope of his jurisdiction in the underlying custody proceeding. Even if respondent did err in disqualifying Wilson as counsel for relator, that error would not have any effect upon respondent's general jurisdiction over the case itself or over the issue of disqualification; instead, the error would only be a mistake in judgment. For this reason, relator's present claim is a subtle attempt to use a prohibition action as a separate way of contesting the merits of the decision not to allow Wilson to represent her in the custody proceeding. Pursuant to the foregoing precedent, a prohibition action may not be employed in this manner.

{¶ 18} In addition to his jurisdictional argument, respondent also contends that relator's petition fails to state a viable claim for a writ because there was an alternative remedy she could have pursued to obtain review of the decision to disqualify Wilson as co-counsel. Specifically, respondent maintains that relator had an adequate legal remedy through a direct appeal to this court from his judgment granting the motion to strike Wilson's second notice of appearance.

{¶ 19} In support of this particular argument, respondent cites the recent decision of the Eighth Appellate District in *Jennings–Harder v. Yarmesch*, 8th Dist. No. 83984, 2004-Ohio-3960, 2004 WL 1688538. In that case, the issue before the appellate court concerned whether a judgment granting a motion to remove an attorney constituted a final, appealable order when the underlying action pertained to the allocation of parental rights. In analyzing the issue under R.C.

2505.02(B)(2), the *Jennings–Harder* court first concluded that this type of judgment affected a substantial right of the party whose counsel was disqualified from the case. Second, the court concluded that a proceeding regarding the allocation of parental rights was a "special proceeding" for purposes of the statute. Therefore, the *Jennings–Harder* court held that the granting of a motion to remove counsel was a final order that was immediately appealable.

{¶ 20} In responding to the motion to dismiss, relator does not contest the validity of the *Jennings–Harder* analysis as to the appealability of an order disqualifying counsel in a child-custody matter. Instead, she argues that, at the time respondent issued the judgment disqualifying Wilson as co-counsel in May 2004, she did not have an "effective" right to appeal that judgment because she was still represented by Halpern until September 2004.

{¶ 21} In essence, relator is arguing that a judgment granting the disqualification of an attorney can affect a substantial right only if it leaves the party without any counsel in the case. However, in making this argument, relator has not referred to any case law to support her position. Furthermore, this court would note that a party to a civil action does not merely have a right to representation by *any* attorney, but also has the right to be represented by counsel of her own choosing. To this extent, if relator wanted to be represented in the custody proceeding by both Wilson and Halpern, then her right to choose her own counsel was clearly affected when the decision to disqualify Wilson was made in May 2004.

{¶ 22} Accordingly, this court concludes that the judgment disqualifying Wilson was a final, appealable order at the time it was rendered because it was issued in a special proceeding and affected a substantial right of relator. As a result, relator could have challenged the propriety of respondent's decision through a direct appeal from that judgment. Under such circumstances, relator had an adequate remedy at law through which she could have obtained the same results she sought in bringing this prohibition action.

{¶ 23} As a final matter, relator asserts in her response to the motion to dismiss that a writ of prohibition should be granted because respondent engaged in an ex parte communication with the guardian ad litem prior to rendering the May 2004 judgment in the underlying case. As to this point, this court would merely note that we do not have the authority to disqualify a trial judge on the basis of alleged misconduct. Instead, the ability to disqualify a judge lies solely with the Supreme Court of Ohio. See *State v. Ramos* (1993), 88 Ohio App.3d 394, 623 N.E.2d 1336. Therefore, even if relator had raised the "ex parte communication" assertion in her petition, it would still not state a sufficient reason to allow this case to go forward.

{¶ 24} Under Civ.R. 12(B)(6), a civil petition can be dismissed for failure to state a viable claim for relief when, "after presuming the truth of all factual allegations of the [petition] and making all reasonable inferences in [the relator's] favor, it appear[s] beyond doubt that [the relator can] prove no set of facts entitling" her to the requested relief. *Buck,* 2004-Ohio-2590, at ¶ 6. Applying this standard to the prohibition claim in the instant action, relator can go forward in this matter only if her factual allegations are sufficient to satisfy the following three elements: (1) respondent had used, or intended to use, his judicial power in the underlying proceeding, (2) respondent's exercise of his power was unauthorized under the law, and (3) unless a writ is issued, relator will incur damages for which there is no adequate legal remedy. *State ex rel. Barclays Bank PLC v. Ct. of Common Pleas of Hamilton Cty.* (1996), 74 Ohio St.3d 536, 540, 660 N.E.2d 458.

{¶ 25} Consistent with the foregoing discussion, this court holds that, even when the factual assertions in relator's petition are construed in a manner most favorable to her, they are insufficient to satisfy the second and third elements of a prohibition claim. First, relator's own assertions indicate that respondent has acted within the scope of his jurisdiction in granting the motion to strike Wilson's notice of appearance; at best, her assertions raise only a possibility that respondent may have used his authority in an erroneous manner. See *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110. Second, her assertions show that she had an adequate remedy at law through a direct appeal from respondent's May 2004 judgment.

{¶ 26} Since relator has failed to state a viable claim in prohibition, respondent's motion to dismiss her petition is granted. It is the order of this court that relator's entire prohibition petition is hereby dismissed.

Petition dismissed.

DONALD R. FORD, P.J., WILLIAM M. O'NEILL, and CYNTHIA WESTCOTT RICE, JJ., concur.