MEMORANDUM OPINION
{¶ 1} On October 7, 2005, appellant, Phillip Whaley, filed a notice of appeal with this court from a September 14, 2005 judgment of the Trumbull County Court of Common Pleas.
 {¶ 2} In the September 14, 2005 judgment entry, the trial court granted the motion to disqualify defense counsel filed by appellee, the state of Ohio. It was from that entry that appellant filed his notice of appeal on October 7, 2005.
 {¶ 3} On October 12, 2005, appellee filed a motion to dismiss the appeal for lack of a final appealable order. Appellant filed a response to appellee's motion to dismiss on November 7, 2005. Since the trial court's judgment entry is not a final appealable order and is interlocutory, we are compelled to grant appellee's motion and dismiss appellant's appeal.
 {¶ 4} The Supreme Court of Ohio has treated civil and criminal cases differently on the issue of whether a ruling on a motion to disqualify counsel is a final appealable order. In civil cases, the Supreme Court has stated that an order granting a motion to disqualify counsel is final and appealable. Kala v.Aluminum Smelting Refining Co. Inc. (1998), 81 Ohio St.3d 1,3. Conversely, the Supreme Court has held that a trial court order that grants the state's motion to disqualify a defendant's counsel in a criminal case is not a final appealable order.State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,178. Specifically, the Court stated that "[p]ursuant toPolikoff [v. Adam (1993), 67 Ohio St.3d 100], it is apparent that the pretrial order granting a disqualification [of counsel] motion in a criminal case is not a final appealable order." Id. Moreover, the Court stated that an appeal following conviction "would be neither impractical nor ineffective." Id. at 179.
 {¶ 5} In the case at bar, appellant relies on a civil matter in his motion to reply to the appellee's motion to dismiss,State ex rel. Kister-Welty v. Hague, 160 Ohio App.3d 486,2005-Ohio-1788. However, that case has no application here since this matter is criminal.
 {¶ 6} The amended version of R.C. 2505.02, the final appealable order statute, which applies to all cases pending as of July 22, 1998, reads in pertinent part:
 {¶ 7} "(A) As used in this section:
 {¶ 8} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 9} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 10} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, * * *.
 {¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 14} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 18} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 19} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, * * *."
 {¶ 20} Applying the foregoing statute to the instant matter, the granting of a motion to disqualify defense counsel in a criminal case is clearly not an order that determines the entire action, sets aside a judgment, grants a new trial or determines class action status. Hence, R.C. 2505.02(B)(1), (3) and (5) are inapplicable.
 {¶ 21} Turning to R.C. 2505.02(B)(2), an order affecting a substantial right made in a special proceeding, the legislature adopted the definition of special proceeding set forth inPolikoff, which instructed courts to address the special proceeding prong and then, only if that prong is met, to proceed to the question of whether substantial rights are affected. A criminal action does not fit the definition of a special proceeding as set forth in R.C. 2505.02(B)(2) because it was not specially created by statute and was in existence prior to 1853.State v. Saadey (June 30, 2000), 7th App. No. 99 CO 49, 2000 WL 1114519, at 2.
 {¶ 22} Therefore, we shift to R.C. 2505.02(B)(4), which specifies situations when an order granting or denying a provisional remedy is final and appealable. "* * * [A] ruling on a motion to disqualify counsel in a criminal case is ancillary to the main action and thus qualifies as a provisional remedy under R.C. 2505.02(A)(3)." Saadey, supra, at 3. Hence, we must examine if the requirements of R.C. 2505.02(B)(4)(a) are satisfied. When a court rules on a motion for disqualification of counsel, the resulting order determines the action with respect to the motion and prevents judgments in favor of appellant with respect to the motion. Therefore, we must decide if appellant would be precluded from a meaningful or effective remedy on appeal following a final judgment as to the entire action. R.C.2505.02(B)(4)(b). If appellant will not be denied a meaningful or effective remedy by waiting to appeal the pretrial order granting disqualification, then the order may not be appealed now.
 {¶ 23} Here, based on the Supreme Court precedent inKeenan, it is our position that appellant will not be denied meaningful and effective review by waiting to appeal the grant of disqualification until the criminal case is concluded.
 {¶ 24} Based upon the foregoing analysis, appellee's motion to dismiss is granted since the motion to disqualify appellant's defense counsel is not a final appealable order.
 {¶ 25} Appeal dismissed.
O'Neill, J., Rice, J., concur.