[Cite as *Bank of New York v. Rains*, 2013-Ohio-2389.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BANK OF NEW YORK, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-04-092 |
| | : | O P I N I O N |
| - vs - | | 6/10/2013 |
| | : | |
| BOBBY D. RAINS, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2008-01-0627


Lerner, Sampson & Rothfuss, Kimberlee S. Rohr, Lori N. Wright, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellee

Bobby D. & Jennifer M. Rains, 3061 Buell Road, Cincinnati, Ohio 45251, defendants-appellants, pro se

Lonell R. Childred, Trustee, 11711 Princeton Road, Suite 341-308, Cincinnati, Ohio 45246, defendant-appellant, pro se


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Lonell R. Childred, trustee, appeals, pro se, a decision of the Butler County Court of Common Pleas overruling his motion objecting to the confirmation of a sheriff's sale of real property located on Marsh Drive in Fairfield, Butler County, Ohio (the

"Property").[1] For the reasons outlined below, we affirm the trial court's ruling.

{¶ 2}  On January 21, 2008, Bank of New York filed a complaint in foreclosure relating to the Property based upon the mortgage default of Bobby D. Rains and Jennifer M. Rains. Appellant was named as a defendant in the action due to his interest as a titleholder of the Property.[2]

{¶ 3}  On February 1, 2008, the Butler County Clerk of Courts issued a service of summons and complaint via certified mail on appellant at the address of the Property.  The certified mail was returned "unclaimed."

{¶ 4}  On February 26, 2008, the clerk of courts issued a service of summons and complaint via certified mail on appellant at an address on Cheviot Road in Cincinnati, Ohio (the "Cheviot Address").  The certified mail was returned "unclaimed."

{¶ 5}  On April 14, 2008, the clerk of courts issued a service of summons and complaint via ordinary mail on appellant at the Cheviot Address.  The ordinary mail was returned marked "refused" on May 8, 2008.

{¶ 6}  Nevertheless, on May 12, 2008, appellant appeared in the action and filed a request for extension of time to seek legal counsel and file an answer.  The trial court granted appellant's request and gave appellant until the end of June 2008 to file an answer.  No answer was ever filed.

{¶ 7}  On October 16, 2008, the trial court entered a Judgment and Decree in Foreclosure, granting default judgment against appellant.  In granting the default judgment,

---

1. Bank of New York raises the issue of whether appellant can proceed pro se in this matter while acting on behalf of the trust.  *See Bank of N.Y. v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117, ¶ 10.  However, this court has previously denied Bank of New York's motion to dismiss the appeal based upon this issue.  Furthermore, Bank of New York failed to raise this claim before the trial court. Therefore, we decline to address Bank of New York's trustee argument here and shall proceed on appellant's pro se assignments of error.

2. The record indicates that appellant purchased the Property from the Rainses through a land contract which expired in 2008.

the trial court determined that appellant had been properly served via ordinary mail on April 14, 2008 and was in default of motion or answer. Appellant did not appeal the trial court's granting of default judgment against him.

{¶ 8} On December 22, 2011, Bank of New York filed a Notice of Sheriff's Sale and certified that its trial counsel served appellant with the notice via ordinary mail at the Cheviot Address. In addition, notice of the sheriff's sale was published in the Hamilton Journal News for three consecutive weeks until January 13, 2012. The sheriff's sale was conducted on February 2, 2012, and Newmar Properties Ltd. purchased the Property.

{¶ 9} On March 5, 2012, approximately four years after his initial appearance in the case, appellant filed a "Motion Objecting to Confirmation of Sale." Appellant argued that he was not properly served with notice of the sheriff's sale and requested a hearing on the matter wherein he could present "documented proof" that he was never properly served.

{¶ 10} At a hearing on the motion, held March 15, 2012, appellant argued that the Cheviot Address was "no longer a serviceable address." In support of this contention, appellant stated that he had personally mailed two envelopes to the Cheviot Address on February 16, 2012 and that both envelopes were returned to him marked "unable to forward." Appellant explained that he had notified the "U.S. Postmaster" in Groesbeck, Ohio of his change of address and claimed that he called the trial court to notify it that his address had changed. However, appellant admitted that he never notified the trial court or the clerk of courts in writing that his address had changed.

{¶ 11} The trial court issued several decisions overruling appellant's motion with the March 29, 2012 entry stating that it was a final appealable order from which appellant could appeal. In each decision, the trial court found that service of the summons and complaint was made on appellant at the Cheviot Address in 2008. Therefore, the Cheviot Address was appellant's last known address and, consequently, Bank of New York did not err in sending

notification of the sheriff's sale to the Cheviot Address. The trial court additionally pointed out the numerous times notification of the sheriff's sale was published in the Hamilton Journal News. Based upon these findings, the trial court denied appellant's motion and, on April 13, 2012, the sheriff's sale of the Property was confirmed.

{¶ 12} From the trial court's decision, appellant appeals, raising three assignments of error.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION OBJECTING TO CONFIRMATION OF [THE] SHERIFF'S SALE.

{¶ 15} In his first assignment of error, appellant argues he was not properly served with notice of the sheriff's sale and contends the trial court erred when it refused to deny confirmation of the sale of the Property. Specifically, appellant contends (1) he was not properly served at the Cheviot Address because he had notified the "Groesbeck Postmaster" of his change of address; (2) the clerk of courts failed to record the alleged failure of service of the notice of sheriff's sale at the Cheviot Address in the case file; and (3) Bank of New York was required to attempt service on appellant at addresses different than where the original complaint and summons were served, including the address of the Property.

{¶ 16} Pursuant to Civ.R. 4.6(D), when service of a summons and complaint by certified mail is returned "unclaimed," the clerk of courts, upon request from the plaintiff, shall send the summons and complaint via ordinary mail. Service of the ordinary mail is deemed complete upon the mailing. Civ.R. 4.6(D). Moreover, Civ.R. 5 provides that, after service of the summons and complaint is completed, service of additional documents and papers may be completed by "mailing it to the person's last known address by United States mail, in which event service is complete upon mailing." Civ.R. 5(A) and (B)(2)(c).

{¶ 17} R.C. 2329.26 provides that a judgment creditor is required to serve all parties

who are not in default with notice of the date, time, and place of the sheriff's sale. The local rules of court further provide that notice of the sheriff's sale shall be provided to interested parties "at their respective last known addresses" whether or not those parties are in default for failure to appear. Butler County Local Rule 4.31(D).[3] In addition, the Ohio Supreme Court provides that, where the address of an interest holder in a particular piece of property is known or easily ascertainable, notice of a sheriff's sale must be provided "at least by mail." *Central Trust Co., N.A. v. Jensen*, 67 Ohio St.3d 140, 143 (1993). Therefore, Bank of New York was required to provide notice of the sheriff's sale to appellant, even though he was in default of answering the complaint, by ordinary mail to appellant's last known address.

{¶ 18} Furthermore, a "party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed." *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, ¶ 6, quoting *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863, ¶ 11 (4th Dist.). "This obligation applies equally to pro se litigants." *Id.* "Given that informing the trial court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." *Id.*, citing *Nalbach v. Cacioppo*, 11th Dist. No. 2001-T-0062, 2002-Ohio-53, 2002 WL 32704, *6.

{¶ 19} In this case, service of the summons and complaint was sent by certified mail to the Cheviot Address and returned "unclaimed." Consequently, on April 14, 2008, service of the summons and complaint was sent by ordinary mail to the Cheviot Address and deemed complete that same day. Furthermore, appellant made an appearance before the trial court on May 12, 2008, filing a motion for extension of time to answer. Appellant also admitted at

---

3. Formerly Butler County Local Rule 3.03(D).

the March 15, 2012 hearing on his motion objecting to confirmation of the sheriff's sale that the Cheviot Address was "where [his] mail was accepted at the time." Finally, appellant admitted at the March 15, 2012 hearing, as well as at oral argument before this court, that he never formally notified the clerk of courts, the trial court, or Bank of New York that his address had changed.

{¶ 20} Therefore, appellant's only known address in this case was the Cheviot Address. As such, Bank of New York correctly served appellant with notice of the sheriff's sale by mailing notice to the Cheviot Address by ordinary mail. Furthermore, Bank of New York provided notice of the sheriff's sale through publication by publishing the date of the upcoming sheriff's sale in the Hamilton Journal News for three consecutive weeks prior to the sale pursuant to R.C. 2329.26(A)(2).[4] Therefore, all forms of notification were properly satisfied in this case by Bank of New York and, as appellant failed to formally notify the court of his change of address, neither the trial court, clerk of courts, nor Bank of New York had a responsibility to seek out and determine appellant's latest address.

{¶ 21} Appellant additionally argues that the clerk of courts failed to indicate in the case file that the notice of sheriff's sale mailed to the Cheviot Address was returned due to failure of service. However, appellant fails to demonstrate how this alleged failure on the part of the clerk of courts prejudiced him in any way. The notice of the sheriff's sale was sent by Bank of New York's trial counsel and not the clerk of courts. Pursuant to Civ.R. 5(B)(2)(c), service was complete at the time Bank of New York's counsel used ordinary mail to send the notice to the Cheviot Address. Thus, even though the case file does not indicate that the notice of the sheriff's sale was returned, service of the notice was still completed in

---

4. R.C. 2329.26(A)(2) provides that property shall not be sold until the "officer taking the lands and tenements gives public notice of the date, time, and place of the sale once a week for at least three consecutive weeks before the day of sale by advertisement in a newspaper of general circulation in the county. The newspaper shall meet the requirements of section 7.12 of the Revised Code. The court ordering the sale may designate in the order of sale the newspaper in which this public notice shall be published."

accordance with the Ohio Civil Rules of Procedure.

{¶ 22} Based upon the foregoing, we find that service of the notice of the sheriff's sale was properly mailed to appellant by ordinary mail at the Cheviot Address. Accordingly, appellant's first assignment of error is overruled.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE TRIAL COURT ERRED BY ALLOWING ATTORNEY TIM CARLSON TO BE PRESENT IN THE COURT ROOM [SIC].

{¶ 25} In his second assignment of error, appellant essentially contends that attorney Tim Carlson should not have been present in court on the day of the hearing on appellant's motion objecting to confirmation of the sheriff's sale and should be disciplined by the Ohio Supreme Court under "Rule V(4)(I)(5) of the Ohio Supreme Court Rules for the Government of the Bar" due to a conflict of interest.

{¶ 26} Based upon the record and the statements of appellant and Bank of New York, it appears that appellant sought legal advice from Carlson until Carlson realized that he was already representing Newmar Properties, Ltd, the purchasers of the Property from the sheriff's sale. As such, Carlson informed appellant that there was a conflict of interest and he would be unable to represent appellant. However, Carlson was present in the courtroom on March 15, 2012 when the hearing on appellant's motion objecting to confirmation of the sheriff's sale was held and, according to appellant's reply brief, Carlson was present during an in-chambers conference between the trial court and Bank of New York but outside the presence of appellant. Bank of New York agrees that Carlson was in the courtroom to observe the March 15, 2012 hearing while representing Newmar Properties, Ltd. However, Bank of New York neither confirms nor denies appellant's claim that an in-chambers meeting outside the presence of appellant took place prior to the hearing. The record is devoid of any mention of an in-chambers meeting between Bank of New York, the trial court, and Carlson.

{¶ 27} Regardless, we find that appellant has failed to demonstrate how Carlson's presence in the courtroom, or in chambers, on March 15, 2012, has prejudiced him in any way. There is no evidence that the trial court's decision overruling appellant's objection to the confirmation of the sheriff's sale was affected by Carlson's presence on March 15, 2012. Even if Carlson was in the courtroom or in chambers acting in his capacity as Newmar Properties' attorney, a purchaser of property at a sheriff's sale has no standing regarding the granting or denying of confirmation of said sale. *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990). Thus, Carlson's presence did not prejudice appellant in any way that this court can find.

{¶ 28} Appellant additionally argues that Carlson's conduct is inappropriate under the Ohio Rules of Professional Responsibility and the Ohio Supreme Court Rules for the Government of the Bar. In fact, appellant indicates that he has already filed a grievance against Carlson for his conduct on March 15, 2012. "It is well settled under the applicable state law that the Supreme Court of Ohio has exclusive jurisdiction over matters pertaining to the discipline of any attorney at law for an ethical violation." *State ex rel. Kister-Welty v. Hague*, 160 Ohio App.3d 486, 2005-Ohio-1788, ¶ 9 (11th Dist.), citing Section 2(B)(1)(g), Article IV of the Ohio Constitution. As such, we decline to review, for lack of jurisdiction, appellant's arguments relating to the alleged ethical violations of Carlson.

{¶ 29} However, we take this opportunity to remind attorneys and the trial courts within this district of the importance of avoiding the appearance of impropriety. Trial courts and attorneys should take every reasonable caution to make parties and pro se litigants feel that they are being fairly and uniformly treated.

{¶ 30} For the foregoing reasons, appellant's second assignment of error is overruled.

{¶ 31} Assignment of Error No. 3:

{¶ 32} THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION

OBJECTING TO CONFIRMATION OF SHERIFF'S SALE 1 DAY BEFORE THE SCHEDULED COURT DATE.

{¶ 33} In his third and final assignment of error, appellant argues the trial court erred by filing an entry overruling appellant's motion objecting to confirmation of the sheriff's sale one day prior to the hearing on that motion. Specifically, appellant points out that the entry overruling appellant's motion was entered March 14, 2012, while the hearing on the motion was not held until March 15, 2012.

{¶ 34} While this is true, the record reveals that the finalized entry overruling appellant's motion was actually filed March 29, 2012, approximately two weeks after appellant was given the opportunity to be heard on his motion. This entry was the final appealable order from which appellant appealed to this court. Furthermore, the March 29, 2012 judgment entry contained details from the hearing and was not a carbon copy of the March 14, 2012 entry overruling appellant's motion. Therefore, based upon the record, we can find no prejudicial error in the trial court's entry overruling appellant's motion.

{¶ 35} Accordingly, appellant's third and final assignment of error is overruled.

{¶ 36} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.