[Cite as *Bayview Loan Servicing, L.L.C. v. Griffen*, 2020-Ohio-6666.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, et al. | : | |
| Appellees, | : | CASE NO. CA2020-02-013 |
| | : | O P I N I O N |
| - vs - | | 12/14/2020 |
| | : | |
| CHERYL GRIFFEN, et al. | : | |
| Appellants. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19-CV-91976

Clunk, Hoose Company LPA, Ethan J. Clunk, Robert R. Hoose, 4500 Courthouse Blvd., Suite 400, Stow, Ohio 44224, for appellee, Bayview Loan Servicing, LLC

John E. Sharts, 5 Fairway Drive, P.O. Box 350, Springboro, Ohio 45066-0350, for appellee, Gary E. Powers

Gregory M. Gantt Company, L.P.A., Erik R. Blaine, Gregory M. Gantt, 130 West Second Street, Suite 210, Dayton, Ohio 45402, for appellant, Cheryl Griffen nka White

**S. POWELL, J.**

{¶ 1} Appellant, Cheryl Griffen nka White ("Cheryl"), appeals the decision of the Warren County Court of Common Pleas granting a motion to vacate the sale of real property sold at a sheriff's sale filed by appellee, Gary E. Powers. For the reasons outlined below,

we reverse the trial court's decision and remand this matter for further proceedings.

{¶ 2} On February 19, 2019, Bayview Loan Servicing, LLC ("Bayview") filed a complaint in foreclosure against Cheryl requesting to foreclose on real property Cheryl owned located in Springboro, Warren County, Ohio. Cheryl did not file any responsive pleading to Bayview's complaint, thereby prompting Bayview to file a motion for default judgment. On July 24, 2019, the trial court granted a default judgment against Cheryl to Bayview. After providing the proper notice to Cheryl and the public at large, the property was then sold at a sheriff's sale on October 7, 2019. Powers purchased the property at the sheriff's sale for $142,000.

{¶ 3} On November 6, 2019, Powers filed a motion to vacate the sheriff's sale. In support of his motion, Powers argued that he had just been advised by Clifford Griffen, the brother of Cheryl's ex-husband, Roger Griffen, that while Cheryl and Roger were married Roger built the garage located on the property "knowingly and deliberately straddling the common property line" between that property and the adjacent property owned by their now deceased mother, Elizabeth Griffen. Powers alleged that he was also advised by Clifford that the "garage encroachment" spanned approximately 8 or 10 feet onto Elizabeth's property. Therefore, because the "boundary line issues and encroachment problems" were "not discernable upon reasonable visual inspection," Powers argued that the sheriff's sale of the property should be vacated.

{¶ 4} On November 20, 2019, Bayview filed a memorandum in opposition to Powers' motion to vacate the sheriff's sale. Two days later, on November 22, 2019, Powers filed an untitled memorandum in support of his motion to vacate. Powers' memorandum was supported by an affidavit filed by Powers' counsel, Attorney John E. Sharts. Powers' memorandum, along with Attorney Sharts' affidavit, provided a detailed overview of the ownership interests in the two adjacent properties at issue. This includes the following

- 2 -

passage taken from the penultimate paragraph of Powers' memorandum:

> [A] succession of intestate deaths ultimately left Elizabeth with an undivided one-third (1/3rd) interest in the premises encumbered by [a] Medicaid lien, with her four children holding even prior to her death the other undivided two-thirds (2/3rds) interest among them with and without dower, they now additionally acceding to her encumbered interest. One of them, Roger, straddles this line as well: He and his ex-wife constructed the encroachment on the subject premises, and he is a fractional owner of his deceased Mother's property on the other side, and the Medicaid lien in entirety exceeds the aggregate value of the immediate neighborhood in its entirely (sic).

{¶ 5} On December 2, 2019, Bayview filed a notice that it was withdrawing its memorandum in opposition to Powers' motion to vacate the sheriff's sale. Cheryl, however, did not file any response either in favor of or in opposition to Powers' motion to vacate .

{¶ 6} On January 6, 2020, Powers filed a Civ.R. 60(B) motion for relief from judgment. Powers' motion incorporated by reference his own affidavit, as well as a "supplemental" affidavit filed by Attorney Sharts. As part of his affidavit, Powers averred that he had conducted only a "visual inspection" of the property prior to the sheriff's sale. Powers also averred that he had contacted the Warren County Sheriff's Sale Clerk "in alarm about the reported encroachment" shortly after learning about the alleged "encroachment problem" from Clifford and that he would not have bid on the property had he been aware of this problem prior to the sheriff's sale.

{¶ 7} In his "supplemental" affidavit, Attorney Sharts averred that, after consulting with Powers, he had accessed the Warren County Geographical Information Systems ("GIS") and confirmed that there was an "encroachment problem" with the two adjacent properties. This is evidenced by a clear depiction of the garage straddling the property line between the two adjacent properties.

{¶ 8} On January 15, 2020, Cheryl moved to strike Powers' Civ.R. 60(B) motion for relief from judgment and the accompanying affidavits filed by Powers and Attorney Sharts.

Cheryl argued that Powers' motion for relief from judgment should be stricken because Powers, as the successful bidder of the property, lacked standing to participate in the case to challenge the sheriff's sale. Cheryl also argued that Powers' motion should be stricken since there was no judgment that Powers could seek relief from given the fact that the trial court had yet to confirm the sale. There is no dispute that the trial court had not, and still has not, confirmed the sheriff's sale of the property subject to this appeal.

{¶ 9} On February 18, 2020, the trial court issued a decision denying Cheryl's motion to strike. The trial court also denied Powers' motion for relief from judgment. The trial court, however, granted Powers' motion to vacate the sheriff's sale. In so holding, the trial court found Powers had standing to participate in the case because it would be "inequitable" for it to "decide matters which involve and impact Mr. Powers prior to the sale confirmation without allowing him to participate." The trial court also found the "garage encroachment onto the neighboring property was not a reasonably ascertainable defect from a visual inspection of the property," thereby making it proper for the sheriff's sale to be vacated and Powers' deposit be returned to him. Cheryl now appeals, raising two assignments of error for review.[1]

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED WHEN IT GRANTED POWERS' MOTION TO VACATE THE SHERIFF'S SALE DUE TO THE WELL ESTABLISHED PRINCIPLE OF CAVEAT EMPTOR.

{¶ 12} In her first assignment of error, Cheryl argues the trial court erred by granting Powers' motion to vacate the sheriff's sale of the property.

{¶ 13} The trial court's decision whether to grant a motion to vacate a sheriff's sale

---

1. We note that the trial court has since granted Cheryl's motion to stay pending appeal of the distribution of the proceeds from the sheriff's sale and the return of Powers' deposit.

prior to the confirmation of the sale is reviewed under an abuse of discretion standard. *See Countrywide Home Loans Servicing, L.P. v. Nichpor*, 6th Dist. Wood No. WD-15-004, 2016 Ohio App. LEXIS 2938, \*3 (Apr. 22, 2016); *see also Wells Fargo Bank, N.A. v. Fortner*, 2d Dist. Montgomery 26010, 2014-Ohio-2212, ¶ 8-9. "A decision constitutes an abuse of discretion when the trial court acted unreasonably, arbitrarily, or unconscionably." *Wells Fargo Bank v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102, ¶ 32, citing *Bank of Am., N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶ 9. "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 8, quoting *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "When applying an abuse of discretion standard, we are not free to merely substitute our judgment for that of the trial court." *BAC Home Loans Servicing, L.P. v. Mapp*, 12th Dist. Butler No. CA2013-10-193, 2014-Ohio-2005, ¶ 29.

{¶ 14} Cheryl initially argues the trial court erred by granting Powers' motion to vacate the sheriff's sale because Powers did not have standing to appear and participate in the case to protect the interest he acquired by being the successful bidder of the property at the sheriff's sale. We disagree.

{¶ 15} Although it appears Powers would not have had standing to appeal "regarding the granting or denying of confirmation of said sale," *Bank of N.Y. v. Rains*, 12th Dist. Butler No. CA2012-04-092, 2013-Ohio-2389, ¶ 27, citing *Ohio Savings Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990), once he became the successful bidder of the property at the sheriff's sale, Powers had standing to appear and participate in the proceedings before the trial court to protect his newly acquired interest in the property. This holds true despite the fact that Powers did not first move the trial court to allow him to intervene in the case. *See, e.g., Treasurer v. Kafele*, 10th Dist. Franklin No. 05AP-252, 2005-Ohio-6618, ¶ 8 ("once [the

buyer] became the successful bidder at sheriff's sale, he had standing to appear in the trial court and to move to protect his acquired interest in the property, although better practice may have been to move to intervene prior to doing so").  Cheryl's claim otherwise lacks merit.

{¶ 16} Cheryl also argues the trial court erred by granting Powers' motion to vacate the sheriff's sale because the sale was governed by the doctrine of caveat emptor, i.e., let the buyer beware.  We agree.

{¶ 17} The doctrine of caveat emptor applies in all its rigor to purchasers at judicial sales like the sheriff's sale in this case.  *Holley v. Haynes*, 4th Dist. Meigs No. 450, 1991 Ohio App. LEXIS 3934, *7 (Aug. 8, 1991).  "[U]nder this doctrine, a purchaser of real estate at a judicial sale will be charged with knowledge of an alleged defect in [the] title where the conditions are of public record and are easily discoverable by the purchaser." *LaSalle Bank Natl. Assn. v. Brown*, 2d Dist. Montgomery No. 25822, 2014-Ohio-3261, ¶ 47.  "The duty of examining public records is especially incumbent upon a person who purchases property at a judicial sale, because in this instance the duty is based not only on general ground, but also on the consideration that the maxim, caveat emptor, applies with full force to a transaction of this character." *Roos v. H.W. Roos*, 1st Dist. Hamilton No. 5641, 1940 Ohio App. LEXIS 1108, *39 (Nov. 4, 1940).  "[T]he purchaser at a judicial sale is bound to examine the title to the land himself and if he fails to do so, he must suffer the loss caused by that failure." *Spence v. First Federal Sav. & Loan Assn.*, 6th Dist. Fulton No. 91FU000020, 1992 Ohio App. LEXIS 4260, *12 (Aug. 21, 1992).

{¶ 18} "'[I]n the absence of fraud or express warranty the purchaser has no relief against a defect in the title or any restrictions appertaining to said property, nor has a purchaser at such sale any relief for any unsuitableness of the land for any particular purpose which an examination that he was free to make would have revealed.'"

*Commercial Natl. Bank v. Zeis*, 3rd Dist. Seneca No. 13-86-3, 1987 Ohio App. LEXIS 9129, *5-6 (Oct. 13, 1987), quoting *King v. Newark Trust Co.*, Licking C.P. No. 41123, 1957 Ohio Misc. LEXIS 306 (June 25, 1957). The record indicates that Powers conducted a visual inspection of the property prior to the sheriff's sale. Powers, however, did not conduct any further investigation of the property via any of the public records available to him. This includes, for instance, Powers' failure to investigate the property through the publicly accessible Warren County GIS website. The record instead indicates that search was done only *after* Powers consulted with Attorney Sharts. The purchaser "buys with his eyes open, at his own risk, and is without [recourse] in case there is a defect in the title of the former owner of the property bought." *Kain v. Weitzel*, 72 Ohio App. 229, 233 (1st Dist.1943). This holds true regardless of whether the mortgagee, in this case Bayview, has objected to the sheriff's sale being vacated.

{¶ 19} In light of the foregoing, although we certainly understand the difficulties that Powers may now incur by having the sale of the property reinstated in this case, we believe those difficulties are the direct result of Powers' own failure to act with the necessary due diligence prior to submitting his winning bid for the property. "[T]he primary purpose of the judicial sale is to protect the interest of the mortgagor-debtor and to promote a general policy which provides judicial sales with a certain degree of finality." *Society Natl. Bank v. Wolff*, 6th Dist. Sandusky No. S-90-13, 1991 Ohio App. LEXIS 1821, *9 (Apr. 26, 1991); *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 23 (emphasizing "that a judgment decree in foreclosure is a final order and that judicial sales have a certain degree of finality"); *Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, ¶ 7 (noting that "judicial sales have a certain degree of finality"). To hold otherwise, thereby allowing the sheriff's sale to be vacated, would significantly thwart that purpose. Therefore, to the extent outlined above, Cheryl's first assignment of error has

merit and is sustained. The trial court's order granting Powers' motion to vacate is reversed.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED BY DENYING THE MOTION TO VACATE, (sic) THE AFFIDAVIT OF GARY E. POWERS, AND THE SUPPLEMENTAL AFFIDAVIT OF JOHN E. SHARTS.

{¶ 22} In her second assignment of error, Cheryl argues the trial court erred by denying her motion to strike the affidavits submitted by Powers and Attorney Sharts in support of Powers' Civ.R. 60(B) motion for relief from judgment. Cheryl supports this argument by again alleging that Powers did not have standing to appear and participate in this case. However, as discussed more fully above, Powers had standing to appear and participate in this case as the winning bidder of the property at the sheriff's sale. This holds true despite the fact that the trial court has yet to confirm the sale of the property. Therefore, based on the facts and circumstances here, we find no abuse of discretion in the trial court's decision to deny Cheryl's motion to strike. *See Bank of N.Y. Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 9 (a trial court's ruling on a motion to strike will not be reversed on appeal absent an abuse of discretion). Accordingly, finding no error in the trial court's decision, Cheryl's second assignment of error lacks merit and is overruled.

{¶ 23} Judgment affirmed in part, reversed in part, and remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.